# De Armond *v.* Whitaker.

*Statutory Action in Nature of Ejectment.*

1. *Homestead exemption to widow.*—The Probate Court has jurisdiction to allot to the widow, as a homestead exemption, the lands of which her husband died seized and possessed, when (and only when) they do not exceed 160 acres in area, nor $2,000 in value, (Sess. Acts 1884–5, p. 114); and the title of the land so allotted vests absolutely in her, as fully and completely as if the husband's estate had been declared insolvent.

2. *Variance in description of land.*—Where the land sued for is described in the complaint, and also in the judgment-entry, by fractional subdivisions of a section aggregating 180 acres, the verdict being for the land sued for, while the plaintiff's documentary evidence conveys fractional subdivisions aggregating only 160 or 140 acres, the plaintiff is not entitled to the general charge on the evidence, and the judgment in his favor is erroneous.

APPEAL from the Circuit Court of Marshall.

Tried before the Hon. JOHN B. TALLY.

This action was brought by James Whitaker and others, the surviving brothers and sisters of Elijah Whitaker, deceased, and the children of his deceased brothers and sisters, suing as his heirs at law, against John DeArmond and David Davis; and sought to recover the possession of a tract of land, which was described in the complaint as "the north-east fourth of the south-west fourth, and the west half of the south-east fourth, and the south-east fourth of the south-east fourth, and the south half of the north-east fourth of the south-east fourth, all of section nine (9), in township six (6), of range three, east, lying and being in Marshall county." Issue· was joined on the plea of not guilty, and the cause " was submitted to the court on the following statement of facts, the jury to be charged accordingly :"

"It is agreed that that the parties to this suit claim title through or from a common source, Elijah Whitaker; and that said Whitaker died on the 23d day of January, 1884, seized and possessed of the land sued for, without having made any will, and without leaving any children, but [leaving] a widow, Nancy Whitaker. Plaintiffs in this case are the brothers and sisters of said Elijah Whitaker, and the children of his deceased brothers and sisters, embracing all of his brothers and sisters and the descendants of those who

[De Armond v. Whitaker.]

are deceased. At the time of the death of said Elijah Whitaker, he and his said wife were residents of said county of Marshall, and resided on the land in question. After the death of said Elijah, his widow, said Nancy, who was then a resident of said county of Marshall, filed in the Probate Court of that county her application for a homestead, and proceedings were thereon had setting apart to her the land in dispute as a homestead, without any administration on the estate of the said Elijah Whitaker; which said proceedings are hereby made a part of this agreement, and referred to as such. She was residing on the land in question at the time of such application and proceedings. This application and proceedings were under statute.—Acts 1884–5, p. 114. On the 11th May, 1887, said Nancy Whitaker sold and conveyed said lands in dispute, mentioned in the plaintiff's complaint, to the defendant Davis, by deed recorded in the office of the probate judge of Marshall county, in Book P of Deeds, page 270; which deed is hereby referred to, and made a part of this agreement. At the beginning of this suit [January 24th, 1890], defendant De Armond was in possession of said land as the tenant of said Davis. The annual value of the land in dispute, since the commencement of this suit, is $30. Said Nancy Whitaker died in Marshall county, Alabama, in the year 1889, before the commencement of this suit. There has been no administration on the estate of said Elijah Whitaker, nor on the estate of said Nancy Whitaker."

The petition of Mrs. Whitaker, as shown by the exhibit, averred that she was the widow of said Elijah Whitaker, and was over 21 years of age, and resided in said county; that said Elijah died on the 23d *June* (?), 1884, more than 50 days before the filing of the petition; that he "left no minor children, and left in said county and State personal and real property not to exceed the amount exempted to widows and minors as provided under the laws of the State, and there has been no administration of said estate." The prayer of the petition was, that the court would appoint commissioners to set apart to her, "under the act of the legislature of 1884–5, p. 114, such personal and real property, as exempted to her as such widow under said act of the legislature." The court thereupon appointed Benton Robinson and David Davis as commissioners, to make a complete inventory of the personal property of the estate, and also of the real estate exempted from administration and the payment of debts, and to set apart to the widow "all of the personal property and real estate exempted to

[De Armond v. Whitaker.]

her as such widow under the provisions of the laws of this State;" and to make due return of their proceedings. The order to the commissioners was dated September 17th, 1886, and they made their return in writing, under oath, on the 9th October, 1886, stating that they had made an inventory of the personal property, setting it out, valuing it at $179, and had allotted it to the widow; and adding: "Also, we have set apart to her, as exempted as a homestead, one hundred and sixty acres of land, $500, bounded as follows: On the north by the lands of James Whitaker, on the east by Rollings Whitaker, on the south by the lands of Mrs. Clay, widow of James Clay, and on the west by the lands of J. H. Whitaker; and known by [the name of?] Great Swag, as 20 acres off S. end of the N. E. $\frac{1}{4}$ of the S. E. $\frac{1}{4}$; also, N. $\frac{1}{2}$ of the S. W. $\frac{1}{4}$ of S. E. $\frac{1}{4}$; also, S. W. $\frac{1}{4}$ of S. E. $\frac{1}{4}$; also, N. E. $\frac{1}{4}$ of S. W. $\frac{1}{4}$, and S. E. $\frac{1}{4}$ of S. E $\frac{1}{4}$, in section 9, T. 6, R, 3, East, in all 160 acres." The report was confirmed on the same day.

The deed of Mrs. Whitaker to David Davis, dated May 11th, 1887, describes the lands conveyed in the same words as contained in the report of the commissioners.

On these facts, the court gave the general affirmative charge in favor of the plaintiffs, and refused a like charge requested by the defendants; to which rulings the defendants duly excepted. The jury returned a verdict for the plaintiffs, "for the land sued for," with damages for its detention; and the court thereon rendered judgment for the plaintiffs, describing the lands as the "N. E. $\frac{1}{4}$ of S. W. $\frac{1}{4}$, and W. $\frac{1}{2}$ of S. E. $\frac{1}{4}$, and S. E. $\frac{1}{4}$ of S. E. $\frac{1}{4}$, and S. $\frac{1}{2}$ of N. E. $\frac{1}{4}$ of S. E. $\frac{1}{4}$, all of section 9, T. 6, R. 3, East."

The charge given, the refusal of the charge asked and the judgment rendered, are assigned as error.

A. A. WILEY, and JNO. G. WINSTON, JR., for appellant.

LUSK & BELL, contra.

HARALSON, J.—The petition of the widow for exemption, made a part of the agreement of the parties on which the case was tried, avers that Elijah Whitaker left at his death real and personal property *not exceeding the amount exempted to widows and minors under the laws of this State,* following substantially the language of section one of the act of 1884-5, under which the petition purports to have been filed. The number of acres of land exempted to widows at that time, if it did not exceed $2,000 in value, was 160

[De Armond v. Whitaker.]

acres; and the commissioners who set aside the exemption in this instance—which they report as 160 acres—valued it at $500.

The number of acres described in the complaint as sued for is 180 acres. The verdict was "for the land sued for in this action." The judgment was for the recovery of the identical land described in the complaint—180 acres. The report of the commissioners purports to set aside 160 acres to the widow, but when footed up it amounts to 140 acres.

The agreed state of facts recites, that said Nancy Whitaker "filed in the Probate Court of said county her application for a homestead, and proceedings were had thereon, setting apart *the lands in suit* to her as a homestead;" and yet we have just seen that the land sued for, and that described in the report of the commissioners, is different. The agreed state of facts further recites, as an admission for the trial, that "Nancy Whitaker sold and conveyed said lands in dispute, *mentioned in the plaintiff's complaint*, to the defendant, David Davis."

The lands described in the conveyance are, "20 acres off the south end of N. E. ¼ of S. E. ¼, also N. ½ of S. W. ¼ of S. E. ¼, also S. W. ¼ of S. E. ¼, also N. E ¼ of S. W. ¼, also S. E. ¼ of S. E. ¼, all in Sec. 9, T. 6, R. 3, containing 160 acres, (in) Marshall county, Alabama, which was set apart to me by the Probate Court of Marshall county, under the act of the legislature of 1884–5, as the widow of Elijah Whitaker, deceased." The land described in the conveyance of Mrs. Whitaker to Davis, is different from that described in the complaint, judgment, and the report of the commissioners, but it is admitted, that they are the lands which are *mentioned in the plaintiff's complaint*, and that defendant De Armond was in possession of them, as the tenant of said Davis, at the time this suit was brought.

These discrepancies of description have not been noticed in argument, on either side, but the case has been treated as though Elijah Whitaker owned at his death only 160 acres of land, which was set apart to his widow, under the proceedings for that purpose; the contention being, on the one side, that when so set apart, the absolute title vested in her, which she had a right to convey, and did convey to David Davis; and on the other, that such proceedings vested in her only a life-estate, and the remainder reverted to the heirs of Elijah Whitaker at her death. Whichever of these contentions may be correct, it is evident from what has been shown, that the plaintiffs have recovered of defendants 180 acres of land, twenty acres more than the agreed state of

facts shows were really in controversy, and when we are left in ignorance as to what lands said Elijah Whitaker owned at his death, whether more or less than 160 acres. If he owned the 180 acres sued for, the Probate Court had no jurisdiction to set aside the homestead exemption under Mrs. Whitaker's petition, whether his estate was solvent or insolvent.—*James v. Clark*, 89 Ala. 606. If he owned only 160 acres, and it was of less value than $2,000, and no administration was had on his estate after 60 days from his death had elapsed, that court did have jurisdiction to have her exemption set aside under said act, and it would have vested absolutely in her, as completely and fully as if said estate had been regularly administered upon and declared insolvent.—*Smith v. Boutwell* (at present term), 13 So. Rep. 568.

In the state of this record, with the discrepancies and seeming contradictions we encounter in the proofs, there was too much uncertainty to justify the general charge for the plaintiffs. On another trial, from what has been said, the real facts may be ascertained, and the cause tried on its merits.

Reversed and remanded.