# Wilkins *v.* Walker *et al.*

### *Statutory Action of Ejectment.*

1. *Homestead set apart to widow; her estate therein.*—Where a resident of this State dies, leaving a widow and no children, and at the time of his death owned personalty and certain lands which were his homestead, not exceeding the amount exempt by law to widow and minor children, and the widow, no administration on her husband's estate being had, has set apart to her, as provided by statute (Acts, 1886-87, p. 570) the property of the deceased husband as exempt, the title to such property, under the provisions of the act approved December 13, 1892, (Acts of 1892-93, p. 138), vests absolutely in the widow.

2. *Same; same; descent of such property upon the death of widow.* Where, after the setting apart of such property to the widow as exempt, she dies leaving a mother and brothers and sisters, under the provisions of the act approved December 23, 1891, (Acts of 1890-91, p. 167), the mother and brothers and sisters of such widow become the owners of the lands by inheritance from her, to the exclusion of the brothers and sisters of the deceased's husband.

APPEAL from the Circuit Court of Colbert.

Tried before the Hon. THOMAS R. ROULHAC.

This was a statutory action of ejectment, brought by the appellees against the appellant, to recover lands specifically described in the complaint. The facts of the case showing how the plaintiffs and the defendants, respectively, claim title to the lands in controversy, are sufficiently stated in the opinion.

The cause was tried by the court without the intervention of a jury; and upon the hearing of all the evi-

[Wilkins v. Walker *et al.*]

dence, the court rendered judgment in favor of the plaintiffs. The defendant appeals, and assigns as error the rendition of this judgment.

KIRK & ALMON, for appellant.—The title to the property involved in this suit vested absolutely in Bettie Harris.—Code of 1886, § 2562 ; Acts of 1892–93, p. 138 ; *Smith v. Boutwell*, 101 Ala. 373 ; *Barclift v. Treece*, 77 Ala. 528 ; *Whitlow v. Echols*, 78 Ala. 206 ; *Weaver v. Crown*, 87 Ala. 533 ; *Winter v. London*, 99 Ala. 263.

JAMES JACKSON and WILLIAM H. SAWTELLE, *contra*, cited *Dugger v. Tayloe*, 60 Ala. 519 ; *Dugger v. Tayloe*, 66 Ala. 446 ; *Anderson v. Bradley*, 66 Ala. 265 ; *May v. Marks*, 74 Ala. 249 ; *Ligon v. Ligon*, 84 Ala. 555 ; *Sims v. Eslava*, 74 Ala. 597.

HARALSON, J.—1. It is shown that Robert Harris, a resident of Colbert county in this State, died in 1894, leaving a widow, Betsy Harris, and no children ; and at the time of his death, he owned in this State personal and real property, including the land sued for, which was his homestead, not exceeding the amount exempted to widows and minor child or children, as provided under the laws of the State. It further appears, that proceeding under the act of February 12th, 1887, (Acts of 1886–87, p. 112 ; Code of 1886, p. 570, note) the widow of the deceased, there having been no administration on her husband's estate, applied, on the 9th July, 1895, to the probate judge of the county of Colbert, where deceased lived at his death, to have his property set aside to her as exempt, and the same was, by the proceedings and orders of said judge, duly set aside to her as exempt. The proceedings appear to have been substantially regular, in accordance with the provisions of said statute. The title to the property so set aside to the widow, Betsy Harris, vested an absolute fee in her, under the act of December 13th, 1892, (Acts of 1892–93, p. 138.)—*Smith v. Boutwell*, 101 Ala. 373 ; *De-Armond v. Whitaker*, 99 Ala. 252 ; *Gamble v. Kellum*, 97 Ala. 678 ; *L. & N. R. R. Co. v. Hill*, ante, p. 334.

2. Mrs. Harris, after she thus became the absolute owner of the property, died in possession of the same, leaving no children, but a mother and three brothers and

[Drennen v. Mercantile Trust & Deposit Co.]

three sisters; and her mother, Mrs. Nancy Wilkins, the defendant below, the appellant here, went into possession of the property. Under the act of January 30th, 1891, (Acts of 1890–91, p. 267), the mother and the brothers and sisters of Mrs. Harris, became the owners of the land by inheritance from Mrs. Betsy Harris,—the mother to one-half thereof, and the brothers and sisters to the other half. The plaintiff's below,—in whose favor the court decided the case,—who were the sister and brothers of said Robert Harris,—had no title to or interest in the land, and the judgment rendered in their favor was erroneous.

The case was tried by the court, a jury having been waived. Said judgment will be reversed, and one will be here rendered in favor of the appellant, defendant below.

Reversed and rendered.