# Brooks v. Johns, Admr.

## Statutory Action of Ejectment.

1. *Exemptions of widow and minors; when title vests without selection.*—Under Code 1896, §2100, providing: "That whenever the estate of a decedent, who dies leaving an estate less in value than the amount exempted by law, either real or personal, or both, is set aside as provided by law to the widow, or to the widow and minor children, or to the minor children, the title to the property so set aside, whether real or personal, shall vest absolutely in fee in such widow, or widow and minor child, or minor children," it is not indispensable for the widow or minors to lay claim thereto by having it set aside to her or them; the law intervenes and attaches to such property as absolutely as if the particular property had been selected, set apart, and exempted; and such is the case whether there is administration on the estate of the decedent or not.

2. *Exemption law liberally construed; what application must contain.*—Exemption laws should receive the utmost liberality of construction in furtherance of the objects proposed by them; yet, in cases where applications for exemptions are required, the application should contain all the averments which the court must know in order to grant the petition.

3. *Application by widow; jurisdictional averments.*—In an application by a widow for a homestead exemption before administration under Code of 1896, §2097, an averment that the real property owned by the decedent at the time of his death, does

[Brooks v. Johns, Admr.]

not exceed in amount and value the exemptions allowed in favor of the widow and minor child, or children, or either, is jurisdictional; without it, the proceedings are void.

APPEAL from Cleburne County Court.

Tried before Hon. D. C. BLACKWELL.

This was a statutory action in the nature of ejectment, brought by the appellee, T. J. Johns, as administrator of the estate of J. R. Newell, deceased, to recover the possession of certain described real estate. There was no conflict in the evidence. The plaintiff showed the death of his intestate, J. R. Newell, his appointment as administrator of said Newell's estate by the Probate Court of Cleburne County, duly and regularly made, possession of the premises in controversy by his said intestate at the time of his death, a full and complete chain of title from the government to his said intestate, also the existence of debts against the estate of said decedent, and that the rental value of the premises was fifty dollars per annum. The defendants claim title through mesne conveyances, which were offered in evidence, from Mrs. E. R. Newell, the widow of plaintiff's intestate. Defendant also offered in evidence the probate proceedings to set apart the lands to the widow, which are set forth in the opinion. The cause was tried by the court without a jury, and judgment rendered in favor of the plaintiff for the lands sued for, and for damages for their detention. To the rendition of this judgment the defendants duly excepted. The defendants appeal, and assign as error the rendition of judgment for the plaintiff.

JAMES AIKEN, for appellant, cited, Code of 1886, p. 570, note; *Bishop v. Hampton,* 15 Ala. 761; s. c. 19 Ala. 792; *Tyson v. Brown,* 64 Ala. 244; *Duvall v. McLosky,* 1 Ala. 731; *Field v. Goldsby,* 28 Ala. 218; *Goodman v. Sims,* 86 Ala. 102; *Wright v. Ware,* 50 Ala. 549; Freeman on Void Judicial Sales, 20; *Smith v. Boutwell,* 101 Ala. 373; *DeArmond v. Whitaker,* 99 Ala. 252.

MERRILL & BRIDGES, *contra,* cited, *Wells v. Elliott,* 68 Ala. 183; *Banks v. Spears,* 97 Ala. 560; Code of 1896, 2097, 1453, 2401, 2100; *James v. Clark,* 89 Ala. 606; *DeArmond v. Whitaker,* 99 Ala. 252; *Barber v. Williams,* 74 Ala. 331; *Banks v. Spears,* 97 Ala. 560; *Enloe v.*

[Brooks v. Johns, Admr.]

*Reike,* 56 Ala. 500; *Whitman v. Reese,* 59 Ala. 532; *L. & N. R. R. Co. v. Hill,* 115 Ala. 334; Black on Judgments, 240, 241 and 242.

HARALSON, J.—J. R. Newell, a resident citizen of Cleburne county, died intestate on the 17th June, 1895, leaving a widow, Mrs. R. E. Newell, and no minor child or children. He was the owner, at the date of his death, of a homestead in lands, on which with his wife he resided, and on which she continued to reside after his death. No administration was taken on the estate of said Newell until the 21st January, 1896, on which date letters of administration were issued by the probate court of said county to the appellee.

On the 19th of July, 1895, the widow of the said deceased, filed in the probate court of said county her written application, verified by her own oath, by which she sought to have her homestead and other exemptions set apart to her. The petition, after setting out other appropriate and necessary averments, contained the following statement as to her homestead exemption and her exemption as to personal property of the estate of her husband: "That said J. R. Newell, deceased, at and prior to his death owned and occupied the following described lands, to-wit: E. $\frac{1}{2}$ of S. W. $\frac{1}{4}$ and W. $\frac{1}{2}$ of S. E. $\frac{1}{4}$ of section 14, township 15, range 11, in Cleburne county, Alabama, with his family, the undersigned, as his homestead, upon which he resided at and prior to his death, and that said homestead does not exceed in area 160 acres, nor in value, two thousand dollars, and that said lands embrace the entire tract constituting his homestead, and that the undersigned, his said widow, has continuously resided upon and occupied said lands since his death as her homestead, to the present time, and that said deceased did not have personal property exceeding in value $1,000. And that there has been no administration upon the estate of said deceased, and more than sixty days have elapsed since the death of said deceased. Wherefore petitioner now makes this application for the purpose of having the above described lands set apart to her as her homestead, together with the personal property belonging to said deceased at the time of his death, she claiming said homestead and personal property exempt from administration and from the payment of the debts of said deceased."

On the same day, the court appointed two commissioners, and issued a commission to them, who were required to make "a full and complete inventory, and appraisement of the real and personal property of said decedent, describing the property and making and stating the value of each item or parcel thereof and the amount of any liens or incumbrance thereon, if known, and the value of the property over and above such liens and incumbrance thereon, created before the death of decedent, as required by law, and to do and perform all such acts and make such report as required of them by law as such commissioners," etc.

In the order appointing the commissioners, and in the commission issued to them, it is recited, in the first, as being a part of the averment of the petition, "that at the time of the death of said J. R. Newell, deceased, he owned in this state personal and real property, not exceeding the amount exempt to his said widow, E. R. Newell, as provided under the laws of this state," etc.; and in the commission itself the same averment by way of recital of what the petition contained is also found, whereas, when we turn to the petition, it is found to contain no such averment as to the real estate. It does state, as has been shown above, "that said deceased did not have personal property exceeding in value $1,000;" but it is silent as to the quantity and value of the real estate deceased owned at his death, and from aught appearing therein he may have owned real property largely in excess of the amount exempted to a widow and minor child or children under the statutes of this state.

The commissioners acted and made their report to the court on the 19th day of July, 1897,—the same day the widow filed her petition—and the court granted its prayer therefor and appointed the commissioners to act; and on the same day, again, the court made and entered its order confirming the report of the commissioners. This report contained an inventory of the personal property, amounting in the aggregate to $200.70, and set the same aside to the widow as exempt. It also stated, that they had set apart the 160 acres of land mentioned in the petition, as a homestead to said widow, and recites, that it was the homestead of deceased at the time of his death. They valued it at $400. They also reported that deceased owned 40 acres, no part of the homestead

tract, nor contiguous thereto, which land was under a mortgage given by deceased before his death, and that the same was of no value in excess of the mortgage on it. It is noticeable, that the commissioners nowhere state in their report, that this homestead tract of 160 acres, and this other mortgaged tract of 40 acres, constituted all the real property which deceased owned at his death, nor does the final decree of the court confirming said report so state, and from aught appearing, deceased may have been the owner of other lands in excess of the exemption allowed by law to his widow. The entire proceeding appears to have been *ex parte.*

The statute under which the exemption of homestead in this case was sought to be set aside, provides, that "When the property real and personal owned by a decedent at the time of his death, does not exceed in amount and value the exemptions allowed in favor of his widow and minor child or children, or either, and no administration is granted on his estate within 60 days after his death, the probate court of the county in which he resided at the time of his death, upon the application of the widow * * * verified by oath, and setting forth such facts, must appoint two commissioners who shall make a full and complete inventory of the real and personal property of such decedent describing the property and describing each item or part thereof," etc. Code, 1886 §2562, Code, 1896, §2097. It is then provided, that if such property, real and personal, or both, does not exceed in amount or value the exemptions allowed in such property, the commissioners must set apart the same to the widow and minor child or children, or either, as exempt from administration, etc.—Code, 1886, §2563, Code, 1896, §2098.

By act adopted December 13th, 1892, carried substantially into the Code of 1896 as section 2100, it was provided, "that whenever the estate of a decedent, who dies leaving an estate less in value than the amount exempted by law, either real or personal, or both, is set aside as provided by law to the widow or widow and minor children, or to the minor children, the title to the property so set aside, whether real or personal, shall vest absolutely in fee in such widow, or widow and minor child, or minor children." In such cases, as we have held, it is not indispensable for the widow or minors to lay claim thereto by having it set aside to her or them. The law

[Brooks v. Johns, Admr.]

interferes and attaches to such property as absolutely as if the particular property had been selected, set apart and exempted, and such would be the case whether there had been administration on the estate of the husband or father or not.—*Garland v. Bostick*, 23 So. Rep. 698; *Jackson v. Wilson*, 23 So. Rep. 521.

In respect to the homestead exemption under said section 2562 of the Code of 1886, (§2097 of Code 1896), under which this proceeding was instituted, it was long ago held, that the probate court has jurisdiction to make an order setting aside the homestead exemption thereunder, only when the real property owned by the decedent at the time of his death, does not exceed in amount 160 acres, in connection with the other conditions recited in the statute.—*James v. Clarke*, 89 Ala. 606; *DeArmond v. Whitaker*, 99 Ala. 252; *Smith v. Boutwell*, 101 Ala. 373.

Exemption laws should receive the utmost liberality of construction in furtherance of the objects proposed by them.—*Chandler v. Chandler*, 87 Ala. 303; Waples on Homestead Ex., 30-32. Yet, in making application for homestead exemption, in cases where applications are required, the application should contain all the averments which the court must know in order to grant the petition; and the burden is on the claimant to establish by evidence all allegations necessary to the claiming of his rights.—Waples on Homes. Exs., pp. 697, 700.

By the very terms of the statute under which the proceeding for homestead in this case was instituted, it is provided, as has appeared, "When the property, real or personal, owned by a decedent at the time of his death, does not exceed in amount and value the exemptions allowed in favor of the widow and minor child or children, or either," etc., the probate court, "upon the application of the widow" * * * * must appoint commissioners and proceed to set apart the exemption. The widow here made the application, but it did not contain the necessary averment without which the court was without authority to proceed,—that the real property of decedent, at the time of his death, did not exceed the amount and value allowed to his widow, etc. This averment, which seems to have been industriously avoided, was jurisdictional; and moreover, we have seen the court in its final order did not find that condition of the es-

tate to be true. The allotment of homestead by said commissioners was, therefore, void, and the widow acquired no title thereby which she could sell and transfer to the defendant.

The finding and judgment of the court below must be affirmed.

Affirmed.