# Singo *v.* McGhee.

*Petition to Set Aside Real Estate as Exempt.*

(Decided Feb. 6, 1909. Rehearing granted April 6, 1909.
49 South. 290.)

1. *Homestead; Application to Set Aside; Sufficiency; Amount of Property.*—In a proceeding to set apart a homestead for a widow, a petition which alleges that the decedent owned real and personal property located in a named state and county which did not exceed in amount or value the exemptions allowed the widow and that he left no minor children sufficiently negatives the ownership by decedent of any other property at the time of his death, and the residence of the decedent not being jurisdictional, the petition was sufficient for the purpose under section 2097, Code 1896; the decree finding the residence to be in the county in which the petition is filed being sufficient for that purpose.

[Singo v. McGehee.]

2. *Appeal and Error; Decisions Reviewable; Void Decisions.*— Where the first decree was not void, a subsequent decree setting it aside as void, is void and will not support an appeal.

(Anderson, Denson and Mayfield, JJ., dissent.)

APPEAL from Montgomery Probate Court.

Heard before Hon. J. B. GASTON.

Petition by Dorcas Singo against Judy McGehee to have certain real estate set apart as exempt. From decree setting aside a former decree for petitioner, she appeals. Appeal dismissed on rehearing.

On the 2d day of January, 1906, Dorcas Singo filed in the office of the judge of probate of Montgomery county a petition asking that a homestead be set aside to her out of certain property owned by her alleged husband, George Singo. On that day an order was made by the judge appointing two commissioners to set aside the homestead. On February 1st the commissioners filed a report, together with an inventory appraising the property of the deceased, which showed that he had real estate of less value than the exemptions and about $116 of personal property. When this report came in an order was made to the effect that the reports should lie over for 30 days, and on the 20th of February another order was made setting a day to hear the exceptions to the report, and another order on March 12th to hear demurrers. On May 18, 1907, a final decree was rendered by the judge setting apart to Dorcas Singo certain real and personal property as stated in the decree. On November 15, 1907, the judge entered another order, setting aside the decree of May 18th, and from this order this appeal is prosecuted.

The petition alleges that Dorcas Singo is the widow of George Singo, deceased, who died on the 20th of November, 1905, and that said George Singo owned real and personal property located in this state and county at the date of his death, which did not exceed in amount or

[Singo v. McGehee.]

value the exemptions allowed the widow, and that he left no minor child or children, and that no administration had been granted on his said estate  The petition then seems to describe the land left at the time of his death, setting the same out by metes and bounds, and also the personal property owned by him at the time of his death. It is also alleged that a certain person named therein claims a mortgage in a certain amount upon a portion of said property.  Petition was verified, and contained an appropriate prayer for relief.  Judy McGehee and others filed execeptions to the report of the commissioners.

GOODWYN & MCINTYRE, for appellant.—The legislature has complete power and control over the procedure of courts in this state.—*Knowles v. The State,* 24 Ala. 672; *Weel v. The State,* 55 Ala. 13; *McCullough v. The State,* 63 Ala. 75; *Pollard v. Hamrick,* 74 Ala. 337.   It is sufficient if words of equivalent import and meaning are used.—*Bland v. Bowie,* 53 Ala. 152; *King v. Kent,* 29 Ala. 542; *Wilborn v. McAuley,* 63 Ala. 436.   While the court is of limited jurisdiction and charged with the ascertainment of jurisdictional facts if its proceedings show that these facts were ascertained they. cannot be denied.—*Wyatt v. Rambo,* 29 Ala. 510; *Morgan v. Farned,* 83 Ala. 367; *Goodwyn v. Sims,* 86 Ala. 102.

JOHN V. SMITH and W. W. PEARSON, for appellee.— No brief came to the Reporter.

ANDERSON, J.—In the case of *Cotton v. Holloway,* 96 Ala. 544, 12 South. 172, the court, in discussing jurisdictional averments in petitions in the probate court, through Thorington, J., very properly said: "This jurisdiction, as has been declared, is derived from the statute.  It is special and limited, and only attaches when a petition is filed containing the necessary allegations."

It is true, as was also stated in this case, that, when the jurisdiction has attached by filing proper petition, any subsequent errors or irregularities are unavailing on collateral attack, with the single exception prescribed by the statute. Clearly, the court did not hold, or intend to hold, that the omission of jurisdictional averments in the petition were mere irregularities, unavailable upon attack, and the opinion is guarded in addressing itself to errors arising after the filing of a "proper petition." And the real point in the case is whether or not the facts omitted from the petition were jurisdictional, and it nowhere holds that, if jurisdictional, the omission from the petition could be supplied by subsequent recitals in the record. Section 2097 of the Cole of 1896, which provides for setting apart exemptions before administration is granted upon his estate within 60 days after his death, *the probate court in the county in which he resided at the time of his death,* when the application of the widow, or if there be no widow, upon the application of a suitable person, who shall be appointed by the judge of probate as the next friend of such minor child, or children, verified by oath, and *setting forth such facts,* must appoint two commissioners," etc. (Italics supplied.) The application must be verified, and must "set forth such facts." What facts? The facts set out in the statute, as a matter of course: First, that the real and personal property owned by the decedent at the time of his death does not exceed in amount and value the exemptions allowed in favor of his widow and minor child or children; second, that no administration was granted upon his estate within 60 days after his death; and third, that he resided in the county in which the application is made at the time of his death.

Under the terms of the statute the application can only be considered by the probate judge of the county in

which the decedent resided at the time of his death. Therefore the averment, in the application, that the decedent resided at the time of his death in the county of which the person to whom same is addressed is the probate judge, is absolutely essential to give said officer jurisdiction to hear and determine the said application. The application in question nowhere avers, that George Singo was a resident of Montgomery county at the time of his death. Nor did it aver that the property owned by him at the time of his death did not exceed in amount and value the exemptions allowed his widow, etc. It did aver that he owned certain property, setting it out, and that it was worth less than the exemption, but did not say that it was all that he owned. He may have owned this property, and its value may have been less than the exemption. Yet from the wording of the petition he may have owned other property in value greatly in excess of the exemption. It did not aver that he owned this property and no other, or that this was all the property that he owned at the time of his death. The probate court having rendered the first decree upon a petition which did not give it jurisdiction, said decree was void, and it had the inherent power, upon proper motion, to vacate same.—*Chamblee v. Cole*, 128 Ala. 649, 30 South. 630; *Brooks v. John*, 119 Ala. 412, 24 South. 345. It is true there is an expression in the case of *Brooks v. John*, *supra*, from which it might be inferred that a finding of the jurisdictional fact by the decree, though not set out in the petition, would cure the omission; but said expression, or inference to be drawn therefrom, is not in harmony with the holding in said case. The opinion plainly and correctly says: "The widow here made the application; but it did not contain the necessary averment without which the court was without authority to proceed." If the court was without au-

thority to proceed, the subsequent findings and recitals in the decree could not supply the absence of averments essential to its right to proceed with the case.—*Wilbur v. McCalley,* 63 Ala. 445; *Robertson v. Bradford,* 70 Ala. 386.

Counsel for appellee contend that even if the application is so defective as to not contain the jurisdictional facts, if these facts are ascertained and disclosed by the decree, the decree should not fall, and cites a number of cases in support of said contention.—*Goodwyn v. Sims,* 86 Ala. 102, 5 South. 587, 11 Am. St. Rep. 21, and other cases referring to and reaffirming said case. We make no war on these decisions, as they deal with collateral attacks, and not such a direct one as we have in the case at bar, and as were those in the cases of *Chamblee v. Cole* and *Brooks v. John, supra.* The fallacy of the argument of counsel is the assumption that the proceeding to vacate this decree was a collateral, and not a direct attack. "By a collateral attack is meant every proceeding in which the integrity of the judgment is challenged, except those made in the action wherein the judgment is rendered, or by appeals, and except suits brought to obtain decrees declaring judgments to be void ab initio." —*Burk v. Interstate Saving Co.,* 25 Mont. 315, 64 Pac. 879, 87 Am. St. Rep. 416. "A collateral attack is, generally speaking,, one in which the invalidity of a judgment is predicated upon matters dehors the record."— *Earle v. Earle,* 91 Ind. 27; *Thompson v. McCorkle,* 136 Ind. 484, 34 N. E. 813, 36 N. E. 211, 43 Am. St. Rep. 334. "When the validity of a record attacked is directly put in issue by the pleading of the party attacking it by proper averment, the attack is direct, and not collateral; but when there are no proper averments attacking the record, although its validity is drawn in the issue of the case, the attack is collateral."—*Walker v. Goldsmith,* 14

Or. 125, 12 Pac. 537. "A direct attack upon a judgment is an attempt to amend, correct, reform, vacate, or enjoin the execution of the same, in a proceeding instituted for that purpose, * * * while a collateral attack is an attempt to avoid its binding force in a proceeding not instituted for one of the purposes aforesaid."—*Schneider v. Sellers,* 25 Tex. Civ. App. 226, S. W. 541. Here we are dealing with a motion made in the court rendering the decree to vacate same upon defects not dehors the record. If, therefore, the record, in its entirety shows the omission of jurisdictional averments, notwithstanding the judgment or decree may recite the existence of same, the decree must fall on direct attack. On the other hand, upon collateral attack the decree will not fall, unless void on its face, and not even then, if other parts of the record supply the needed omission. Of course, upon collateral attack the judgment will fall if void, and it cannot be vacated on a motion made at a subsequent term, though directly attacked, unless it be void; but the distinction to be drawn is in the facts to be considered when passing on same. Upon direct attack, the court should vacate the judgment for non-compliance with the jurisdictional facts in any part of the proceeding, while upon collateral attack the decree will not be vacated, unless void on its face, and not because it would be rendered void by reading it in connection with other parts of the record.

We think the authorities relied upon by appellee's counsel relate to collateral attacks and do not apply to the case at bar. On the other hand, the case of *Chamblee v. Cole* and *Brooks v. John, supra,* are in point and fully support the conclusion in the case at bar. Especially does the case of *Chamblee v. Cole* support this conclusion. There the decree was vacated at a subsequent term of the court because the application failed to contain

[Singo v. McGehee.]

one of the jurisdictional facts, and the judgment vacating said decree was affirmed by this court, notwithstanding the decree recited the fact omitted from the application. It is true the case as reported does not show that the decree recited that the property owned was less than the exemption allowed to the widow under the law; but the record has been examined, and this fact is recited in the decree that was then vacated.

The subsequent decree, vacating the one that was void, is affirmed.

Affirmed.

TYSON, C. J. and MAYFIELD, JJ., concur in the opinion. SIMPSON and DENSON, JJ., concur in the conclusion, as they think the petition negatives the ownership of other property, but think that the failure of the petition to aver that decedent was a resident of the state of Alabama and Montgomery county at the time of his death was a jurisdictional fact, and the omission was fatal.

DOWDELL and MCCLELLAN, JJ., dissent.

On Rehearing.

PER CURIAM.—A majority of the court are of the opinion that the petition negatives the ownership of any other property by the decedent at the time of his death, and that the fact that he was a citizen of Montgomery county, Ala., at the time of his death, was not a jurisdictional fact to be averred in the petition, and it was sufficient if said fact was ascertained and set out in the decree.

As the first decree was not void, the second one vacating the same was void, and cannot support the appeal, which is dismissed.

[Anniston City Land Co. v. The State.]

DOWDELL, C. J., and SIMPSON, MCCLELLAN, and SAYRE, JJ., concur. ANDERSON, DENSON, and MAYFIELD, JJ., adhere to the former opinion, and dissent from the holding of the majority.

NOTE.—Justice SAYRE, having presided on another case involving the validity of the decree in question (*Mc-Gehee v. Parker*, 49 South. ____), desired to be excused from participating in this case, and was excused by the other members of the court. Upon consideration, however, by the other members, there was equal division, and, as Justice SAYRE did not try the case in question, he was not disqualified under the statute, and was compelled to participate, after being informed by the other Justices that he was not disqualified, and that they could not certify his disqualification to the Governor.