# Miller, *et al. v.* First National Bank, *et al.*

*Bill to Require Payment of Money into Court.*

(Decided October 21, 1915. 69 South. 916.)

1. *Homestead; Proceeds of Insurance; Exemption.*—Where a homestead is insured by the claimant, and is destroyed, the insurance money paid is still the homestead, and is exempt as was the land; hence, after allotment of homestead to a widow the proceeds of insurance thereon are exempt to her.

2. *Same; Allotment; Jurisdiction.*—In proceedings under section 4224,4227, Code 1907, in order to confer jurisdiction on the court, it is sufficient to allege that the property owned by decedent at the time of his death does not exceed in amount and value the exemptions allowed in favor of his widow, or minor child or children, or either, and upon its being so ascertained and declared under the statute, the title to the homestead vests absolutely whether the decree does or does not so expressly declare.

3. *Same; Conclusiveness.*—A decree allotting a homestead to the widow of a decedent cannot be collaterally impeached on the issue of whether the property was actually the homestead, or whether decedent in fact owned other property, and where no fraud in the procurement of the decree is charged or proven, such decree will not be disturbed.

APPEAL from Jefferson Circuit Court.

Heard before Hon. C. B. SMITH.

Bill by Maggie Miller and another against the First National Bank of Birmingham and another to require

the payment into court of certain money, and to enjoin its payment to one Williams, or the personal representative of Jennie Forrest, as well as to enjoin said parties from collecting said money. From a decree dismissing the bill, complainants appeal. Affirmed.

One Stephen Forrest died in 1910, leaving a widow and several children by a former marriage, who were of age. In 1912 the widow, Jennie Forrest, filed her petition in the probate court of Jefferson county, showing the date of her husband's death and his local residence, that there had been no administration granted on his estate, and that he left no minor child or children. She also averred: "That the said Stephen Forrest owned at the time of his death real and personal property which does not exceed in amount and value the exemptions allowed by law in favor of the undersigned applicant, as follows, to wit: Lot No. 33, Moore and Mell's survey, in the S. ½ of N. E. ¼, Enslen's Plat, except No. 130 S. 15, T. 17, R. 3, valued at $200.00."

The prayer was for the appointment of commissioners to inventory and appraise decedent's property and that it be set aside as the property of petitioner. Commissioners were appointed and properly directed, and they reported in due course that the lot described in the petition was the only property, real or personal, owned by decedent at the time of his death, valued at $200, and that, as the whole property did not exceed in area or value the exemptions allowed by law, they had set apart as exempt to Jennie Forrest, the widow, all the property set out and described. After setting out the prior proceedings, the decree of the probate court thereon was as follows: "It appearing to the court that no exceptions or objections have been filed to said report, and that said 30 days for such exceptions and objections have expired since the filing of said report, that said real estate here-

inafter described was all of the real estate owned and left by said decedent at the time of his death, and that said real estate is less in value and area than the amount of the exemptions allowed by law to the widow and minor children, or either of them, and it further appearing to the court that said decedent left no minor children, and that said commissioners did set apart the real estate to said Jennie Forrest, widow of said Stephen Forrest, deceased, as exempt to her, as provided in article 4, c. 86, of the Code of Alabama, 1907, it is therefore ordered, adjudged, and decreed," etc.

Some time after this allotment of homestead the homestead building was destroyed by fire, and the widow collected the amount of the policy, in the sum of $500, which had been taken out on the building by her husband in his lifetime. The bill is filed by the heirs at law of Stephen Forrest against the administrator of the widow, Jennie Forrest, now deceased, to enforce their property rights in said fund of $500, $450 of which is shown to be in the hands of said administrators. The theory of the bill is that the decree allotting the homestead to Jennie Forrest was a nullity, or else could only have vested in her a life estate, and that, the insurance money standing in the place of the house, the heirs at law of Jennie Forrest are entitled thereto. The evidence shows that Stephen Forrest died in possession of and claiming another small tract of land beside the homestead in question.

HARSH & FITTS, for appellant.

BURGIN, JENKINS & BROWN, for appellee.

SOMERVILLE, J.—(1) Although there are some decisions to the contrary in other jurisdictions, it must be

regarded as the settled law of this state that: "Insurance money takes the place in the exemption statute of the property destroyed, and, like it, is also exempt."— *Ellis v. Pratt City,* 111 Ala. 629, 20 South. 649, 33 L. R. A. 264, 56 Am. St. Rep. 76.

In that case it was said that: "The reason of the rule is found in the fact that the property has been exempted by law for the use of the exemptor and his family, and he may insure it to protect himself and them from loss."

Unquestionably, after the allotment of the homestead to the widow in this case, if not also before, the proceeds of the insurance policy taken out on the homestead building by her husband were as fully exempt to her as was the building itself. And, if the homestead passed to her in fee simple by the probate decree of allotment, she owned the insurance money absolutely as against both heirs and creditors. Hence the only real question in this case is whether the probate decree vested the title to the homestead absolutely in the widow.

(2) The petition was filed under section 4224 of the Code of 1907. So far as the estate of the decedent is concerned, the necessary jurisdictional averment is that the property owned by him at the time of his death "does not exceed in amount and value the exemptions allowed in favor of his widow and minor child or children, or either." In *Chamblee v. Cole,* 128 Ala. 649, 30 South. 630, it was held that an averment that decedent at his death "owned without any incumbrance a plantation which does not exceed 160 acres or $2,000 in value" was not sufficient to confer jurisdiction. But in *Singo v. McGhee,* 160 Ala. 245, 49 South. 290, it was held (by a divided court) that an averment that decedent "owned real and personal property" at the date of his death, "which did not exceed in amount or value the exemptions allowed the widow," was sufficient to negative the

[Miller, et al. v. First National Bank, et al.]

ownership of any property in excess of that amount or value. These cases were construing section 2097 of the Code of 1896, which was the same as the statute here construed.

On the authority of *Singo v. McGhee, supra,* which has become a rule of property, and which we are not disposed to now overrule, we hold that the petition in the present case was sufficient for jurisdictional purposes. It is not necessary for the petition to aver that the particular property, if any, sought to be set aside, was the only property owned by the decedent at his death. The statute (section 4227) merely requires that *the court shall ascertain* that the property set aside was all the property left by the decedent, and that he left less property than was exempt by law, as a condition to the vesting of the title absolutely. If it is so ascertained and declared, then the title so vests, whether the decree does or does not expressly so declare.

(3) As the petition, proceedings, and decree of the probate court are here exhibited, it is immaterial whether the property allotted was or was not the actual homestead of decedent, or whether he in fact owned other property or not. The decree cannot be collaterally impeached on those issues, and no fraud in its procurement is either charged or proven. That heirs at law are often ignorant of the pendency and purpose of proceedings by the widow or minor children for homestead allotment, and hence have no real opportunity to contest them, is a grievance which must be redressed by the Legislature and not by the courts.

It results that the decree of the chancery court must be affirmed.

Affirmed.

ANDERSON, C. J., and MAYFIELD and THOMAS, JJ., concur.