FAULKNER, Justice.
This is an appeal from a decree of the Circuit Court of DeKalb County, upholding a 1939 order setting aside a homestead exemption. We affirm.
R. L. Beck died in 1939 with a will devising his real estate to his wife and children, share and share alike. At the time of his death, Beck was married to Annie Beck and had nine children of that marriage. Only three of these children, Clifford D. Beck, Reuben Floyd Beck and Robert William Beck, were minors at his death. Beck was also survived by three daughters of previous marriages.
Annie Beck elected against the will and on October 12, 1939, petitioned the probate court of DeKalb County to set aside homestead under Code of Ala. 1923, Vol. 3, § 7948, p. 897.[1] In her petition, she alleged:
“1. That she is the widow of R. L. Beck who died on the 19th day of April, 1939 and that no administration has been granted on the estate. That at the time of the death of said R. L. Beck he owned certain property in DeKalb County which was a homestead consisting of 44V2 acres of land situated in Beat 10, DeKalb County, Alabama .
* * * * * *
“4. . . . and she avers that the personal property does not exceed in amount $1,000.00 and that the real estate is not worth over $2,000.00 and is not greater in area than 160 acres.”
*431 Pursuant to the report of two appointed commissioners, the probate court determined that the real estate was all the property owned by the decedent at his death and was less in area than 160 acres and less in value than $2,000.00. The probate court set the real property aside as homestead to the widow and the three minor children in fee simple absolute. Annie Beck died without a will, and no administration has been had upon her estate.
Robert William Beck and Mary Hazel Beck brought an action for sale for division of the real estate involved in the 1939 homestead proceedings, naming as defendants the remaining heirs of R. L. Beck.[2] The propriety of sale for division was uncontested, but the interests of the various parties in the land to be sold is disputed. As stated in the pretrial order of October 27, 1976, the plaintiff contends:
“. . that Annie Beck and the three minor children of R. L. Beck had the real estate set aside to them in fee simple absolute as homestead and that therefore the only persons who are entitled to any interest in the property are Clifford Beck, Reuben Boyd Beck and Robert William Beck, a one-fourth undivided interest each and the heirs of Annie Beck, being entitled to the remaining one-fourth undivided interest.”
The defendants argue, on the other hand, that the 1939 decree setting aside the homestead is void because of a lack of jurisdiction so that only a life estate was created. Therefore, the property passed under the will to Annie Beck and all twelve children of R. L. Beck as tenants in common.
On October 27, 1976, the court ordered the real estate sold, reserving determination of distribution of the proceeds. In the decree of December 6, the proceeds were ordered to be distributed in accordance with the plaintiff’s request, thus upholding the validity of the 1939 homestead decree. Defendants appeal from this ruling.
The issues raised on appeal are:
(1) Whether Annie Beck’s allegation in the 1939 proceeding was sufficient to negative the decedent’s ownership of other real property.
(2) Whether the failure to explicitly allege that sixty days had passed since the decedent’s death is fatal where the petition, filed on October 12, 1939, alleged the date of death as April 19, 1939, thus showing that more than sixty days had elapsed.
(3) Whether administration on the estate of R. L. Beck had been granted prior to filing the homestead petition so that the probate court was without jurisdiction to set aside homestead.
The jurisdiction of the probate court to act to set aside a homestead exemption to a widow is statutory and limited, and it must appear from the face of the proceedings that it has acted within the scope of that jurisdiction.
Omitting the necessary jurisdictional averments in the petition renders the probate court’s decree void, and subject to collateral attack. Those jurisdictional aver-ments are: First, that the real and personal property owned by the decedent at the time of his death does not exceed in amount and value the exemptions allowed in favor of his widow and minor child or children; second, that no administration was granted upon his estate within 60 days after his death; and, third, that he resided in the county in which the application is made at the time of his death. Singo v. McGehee, 160 Ala. 245, 49 So. 290 (1909). Furthermore, the petition must negative ownership of any other real estate by the decedent at the time of his death. Chamblee v. Cole, 128 Ala. 649, 30 So. 630 (1900). Walton v. Walton, 256 Ala. 236, 54 So.2d 498 (1951).
1.
Singo held that an averment that decedent “owned real and personal property” at the date of his death, “which did not *432 exceed in amount or value the exemption allowed the widow” was sufficient to negative the ownership of any property in excess of that amount or value. See Miller v. First National Bank, 194 Ala. 477, 69 So. 916 (1915). An averment stated in similar words was approved and upheld by Miller. In Miller, this court said:
“So far as the estate of the decedent is concerned, the necessary jurisdictional averment is that the property owned by him at the time of his death ‘does not exceed in amount and value the exemption allowed in favor of his widow and minor child or children, or either.’ * *
“On the authority of Singo v. McGehee, supra, which has become a rule of property, and which we are not disposed to now overrule, we hold that the petition in the present case was sufficient for jurisdictional purposes. It is not necessary for the petition to aver that the particular property, if any, sought to be set aside, was the only property owned by the decedent at his death. The statute (section 4227) merely requires that the court shall ascertain that the property set aside was all the property left by the decedent, and that he left less property than was exempt by law, as a condition to the vesting of title absolutely.”
While the petition in this case does not specifically allege that the decedent owned no other real estate, a comparison of the facts in Singo, and a fair reading of the allegation does negative ownership of any other real property.
2.
The decree is not void because of failure to allege that more than 60 days had elapsed since the death of decedent and no administration had been granted on the estate. In other words, while the petition does not explicitly state that 60 days had elapsed since the death of the decedent, it is quite obvious on the face of the petition that more than 60 days had passed.
“Applying these well-settled principles to the instant case, we are constrained to hold that the proceedings in the probate court failed to show that said court acquired jurisdiction, and are therefore void, and must be so declared on collateral attack. The petition is silent as to the date of the death of Nora Douglass, merely giving the date of the month, but not the year. Nor does it appear in the petition that no administration had been granted on her estate . . . . The jurisdictional averment therefore that more than 60 days had elapsed since the death of deceased, and no administration had been granted on the estate, is lacking in these proceedings, and they must be declared invalid.” (Emphasis added.) Bryant v. Perryman, 213 Ala. 561, 562, 105 So. 561, 562 (1925).
In this case both the date of the decedent’s death and the date of filing appear on the face of the petition, making it clear that more than 60 days had passed since the decedent’s death. This allegation is sufficient.
3.
Appellants also argue that the probate court was without jurisdiction to render the 1939 decree because an administration had in fact been granted before the homestead petition was filed.
As this court has held,
“The probate court has no jurisdiction to set apart a homestead under the provisions of said section when letters of administration have been granted upon an estate, and, if it does so, its decree is coram non judice and void.” Hynes v. Underwood, 191 Ala. 90, 92, 67 So. 994, 995 (1915).
Evans v. Evans, 213 Ala. 265, 104 So. 515 (1925).
While the record contains a form order granting letters testamentary, dated July 15, 1939, the signature of the judge of probate is missing. The trial court additionally heard testimony on whether the letters had been granted, and decided that letters testamentary had not been granted.
*433 Where the trial court makes a decree after hearing witnesses ore tenus, every presumption will be indulged in favor of the trial court and its finding will not be disturbed on appeal unless palpably wrong. Shivers v. Shivers, 277 Ala. 400, 171 So.2d 109 (1965). Hynes v. Underwood does not apply in this case.
We hold that the probate court had jurisdiction to set aside the homestead in 1939. The Circuit Court decree dated December 6, 1976 is affirmed.
AFFIRMED.
TORBERT, C. J., and MADDOX, SHORES and BEATTY, JJ., concur.

. “7948. Setting apart homestead exemptions before administration; inventory and appraisement. — When the property, real and personal, owned by a decedent at the time of his death, does not exceed in amount and value the exemption allowed in favor of his widow and minor child or children, or either, and no administration is granted on his estate within sixty days after his death, the probate court of the county in which he resided at the time of his death, upon the application of the widow, or if there be no widow, or she does not act, upon the application of a suitable person who shall be appointed by the judge of probate as the next friend of such minor child or children, verified by oath and setting forth such facts, as well as the names, condition, and residence, if known, of the heirs of the decedent, other than the minor children of the decedent, must appoint two commissioners who shall make a full and complete inventory and appraisement of the real and personal property of such decedent, describing the property and stating the value of each item or parcel thereof; and in estimating the value of such property, or any part thereof, if the same be held in pledge or under mortgage or other lien or incumbrance created prior to the death of the decedent, such encumbered property must be valued at only the excess of its value over and above the sum of such liens or other incumbrances.”

. Mary Hazel Beck was stricken as a party on the ground that she is a spouse of one of the heirs.