71 So.2d 279

## DENT v. DE FABRITIS.

### 2 Div. 323.

Supreme Court of Alabama.

March 25, 1954.

Sam Earle Hobbs and Graham Kirkpatrick, Selma, for appellant.

Keith & Keith, Selma, for appellee.

SIMPSON, Justice.

The plaintiff recovered a judgment by default against the defendant on the following complaint:

"Plaintiff claims of the defendant the sum of $3,000.00 as damages for breach of a contract in writing, executed March 20, 1952 by the defendant, which said contract is as follows:

" 'The State of Alabama ⎱
 The County of Dallas ⎰

" 'This Contract, made and entered into this the 20th day of March, 1952, by and between E. B. Dent, hereinafter called the first party and Raymond D. Fabritis, hereinafter called the second party. ·

" 'Witnesseth: That the first party hereto agrees to build for the second party one two bedroom brick veneer home, consisting of 2 bedrooms, 1 bath, 2 closets, 1 living room, 1 dining room and 1 kitchen, together with a septic tank completed and running water in the home and natural gas. The second party agrees to pay the first party the sum of Six Thousand And No/100 ($6,000.00) Dollars, cash, when said home is completed according to specifications agreed upon between the parties. First party has the right to draw each week a part of the Six Thousand And No/100 (6,000.00) Dollars as the house is completed. First party agrees to pay all of the bills for materials and labor and deliver the house to the second party free of all mechanical and material liens, said house to be completed with hardware.

" 'In Witness Whereof, the parties hereto do hereunto set their hands and affix their seals on this the day first hereinabove written.

"Signed: E. B. Dent
1st Party
Signed: Raymond De Fabritis
2nd Party

" 'Witnesses:
Betty C. Gutshall
Theodore L. Wade'

"Plaintiff avers that the defendant has failed and refused to complete said contract as agreed, as aforesaid; hence this suit.

"Keith & Keith
Attorney for Plaintiff."

The defendant has appealed and contends that the judgment is void for the failure of the complaint to state a cause of action and that, therefore, the judgment should be reversed. Chandler v. Price, 244 Ala. 667, 15 So.2d 462; Ballenger Const. Co. v. Joe F. Walters Const. Co., 236 Ala. 548, 184 So. 275. The court entertains the view that the position cannot be sustained.

 True, in counting on a breach of contract the essential facts constituting the breach should be set forth to the extent of apprising the defendant in what particular he has failed to perform, Woodward Iron Co. v. Frazier, 190 Ala. 305, 67 So. 430, and no doubt the count would have been demurrable on such a ground. But it did allege a breach and thus though perhaps imperfectly was not subject to the charge of having failed to state a cause of action in this respect.

 It is also argued that the contract contained mutual and dependent covenants and that as an essential to the statement of the cause of action there should have been an averment of performance on the part of the plaintiff, his offer to do so, or an excuse for nonperformance. There are, of course, situations where such an averment might be essential to the statement of the cause of action, but the question is controlled by the nature of the contract sued on—whether the duty of the

defendant is dependent upon the performance by the plaintiff of some act before the duty breached by the defendant is due to be performed. See § 223, subsections 8 and 9, Title 7, Code 1940. The contract here sued on imposes no precedent duty on the plaintiff. The right to draw weekly is not such. If the defendant was entitled to make a draw and sought to do so and the plaintiff refused, that would merely be defensive matter and hence the allegation of compliance by the plaintiff would not be essential to the statement of his cause of action.

 It is also argued that the contract is void for uncertainty in that the "specifications" mentioned are not set forth. This contention is likewise untenable, since such a provision was not essential to the statement of a good contract and it was quite proper for the contract to provide that the home should be completed "according to specifications agreed upon between the parties."

No error to reverse is made to appear.

Affirmed.

LIVINGSTON, C. J., and GOODWYN and MERRILL, JJ., concur.