93 So.2d 427

**Paulie WELCH, d/b/a Consolidated Roofing & Siding Co.,**

v.

**L. F. LEE.**

**7 Div. 334.**

Supreme Court of Alabama.

March 7, 1957.

Chas. Thomason, Anniston, for appellant.

Knox, Jones, Woolf & Merrill, Anniston, for appellee.

STAKELY, Justice.

This is an appeal from a final decree of the equity court denying relief to the appellant, Paulie Welch, doing business as Consolidated Roofing and Siding Company, under a bill in equity filed by the appellant seeking to establish a mechanic's lien against the property of the appellee, L. F. Lee, for work and labor done by the appellant for the appellee in constructing a basement under the appellee's residence in the City of Anniston, Alabama.

The case was submitted for final decree on the bill of the complainant and the answer and cross bill of the respondent, together with the evidence which was heard orally before the court.

After hearing the evidence orally before it the court simply held that "the complainant has not substantially performed his contract with the respondent in this case, and accordingly said bill of complaint, as last amended, be and the same is hereby dismissed out of this Court."

There appears to be a difference between the parties as to what was the contract between the parties. On February 16, 1955, there was a writing which was signed by the parties and contained, among other things, the following words and figures:

"Date 2–16–55
"To H. F. Lee
"1624 Walnut
"We propose to furnish labor and material necessary to complete work listed below on: House according to plans and specifications listed below for the sum of Fourteen Hundred and Thirty Dollars ($1430.00)
"We agree to furnish labor and materials ness, to build basement 24×30, one petition, hang 2 doors, concrete floors, landing 4×4 feet with shed roof 5 windows 12×12". * *"

Evidence was introduced by the respondent tending to show that there was an oral understanding between the parties that the basement was to be built with concrete blocks and waterproofed. There is no doubt that the basement was built with concrete blocks and tendencies of the evidence show that when completed the basement was not waterproofed. The complainant denies that there was ever any intention to construct a waterproofed basement.

■ There is no doubt that the contract could be partly in writing and partly oral. In other words the plans and specifications could be determined by oral agreement. Foy and Bro. v. Dawkins, 138 Ala. 232, 35 So. 41; 1 Elliott on Contracts, pp. 294–295; Dent v. DeFabritis, 260 Ala. 522, 71 So.2d 279.

■ The court found that the contract was not substantially performed, which means, possibly among other things, that the basement was not waterproofed in a workmanlike manner. We have often said that where the evidence is heard orally before the court, this court on appeal will accept the finding of the court, unless it is palpably wrong. It should be added that in accordance with permissible practice the court with counsel for both parties present, made a personal inspection of the property before making its findings of fact and hence there is this additional reason why the decree of the court is reviewed here as if it were the verdict of a jury. Miles v. Moore, 262 Ala. 441, 79 So.2d 432.

■ As we consider the matter in the light of the condition of the record and the conflicts in the evidence, we see no reason why we should undertake to disturb the findings of the lower court. On the contrary it seems to us that the decree of the lower court is due to be upheld.

Affirmed.

LIVINGSTON, C. J., and LAWSON and MERRILL, JJ., concur.