138 So.2d 696

**FAMILY LAND & INVESTMENT CO., Inc.**

v.

**William Howard WILLIAMS et al.**

6 Div. 329.

Supreme Court of Alabama.

Dec. 21, 1961.

Rehearing Denied March 22, 1962.

James & Beavers, Birmingham, for appellant.

Martin & Blakey and Harold Bowron, Jr., Birmingham, for appellees.

LIVINGSTON, Chief Justice.

This appeal is from the Circuit Court of Jefferson County, Alabama, in Equity,

quieting title in respondents, appellees, in a suit filed by appellant under and by virtue of the provisions of Title 7, Sec. 1109 et seq., Code of 1940.

■ The original bill of complaint filed by the appellant contained all of the jurisdictional averments to support a decree under the provisions of the foregoing Code sections. In addition, appellant prays for an ascertainment of the taxes due on said lands and that it be allowed to redeem.

Appellees filed an answer in which they denied the peaceful possession of the appellant and averred that they, the appellees, were in peaceful possession of the lands sued for, and set forth their claim of title thereto by virtue of two deeds from the state land commissioner conveying the land to them in August and October, 1946, said appellees being either heirs or devisees of the original grantees in the two tax deeds. They also allege that they have been in possession for over ten years prior to the filing of the bill and deny that they claim under or by virtue of a void or erroneous tax title. The answer prayed for an ascertainment of the taxes which they had paid on the lands and that they be reimbursed or given a lien for such taxes, together with interest and proper charges, in event it was decided that appellant was entitled to redeem. Appellees made their answer a cross bill.

Appellant moved the court to strike that feature of appellees' answer, making said answer a cross bill. This motion was granted by the trial court.

The record contains an agreed stipulation of facts to the effect that the chain of title purportedly made by the Title Guaranty and Trust Company covering the property described in the bill of complaint is accepted by the parties as being a true copy of the records in the Probate Office of Jefferson County, Alabama, subject to the following qualification: that a deed by the state land commissioner conveying certain of the lots to George D. Maske, Sr., and Howard Williams, dated August 26, 1946, and a deed from the state land commissioner, dated October 23, 1946, covering certain other lots described in the bill of complaint, and that respondents are either the heirs or devisees of said George D. Maske, Sr., and Howard Williams; and further that the respondents have paid the taxes on all of said lots from and including the year 1946 to the date suit was filed, but that during the year beginning October 1, 1957, there has been a double payment of taxes by reason of the fact that appellant has for said year assessed and paid taxes on the property. Appellant does not admit that the tax deeds from the land commissioner were valid so as to transfer any title or interest to any of said lands or to any of the respondents. It is also stipulated by the parties that all of said lots were last assessed by E. C. Meredith, Jr., who was the true owner of the lots, subject to the qualification that one-half interest had been conveyed out of E. C. Meredith, Jr., so as to vest in J. E. Meredith (a brother of E. C. Meredith, Jr.), and that J. E. Meredith had subsequently conveyed his one-half interest to his wife, Madeline Meredith. It is further admitted that E. C. Meredith, Jr., died intestate in 1937, and his widow, Marguerite D. Meredith, and all the heirs of E. C. Meredith, Jr., and his wife, Marguerite D. Meredith, had prior to this suit executed quitclaim deeds to appellant. It is further admitted that one Mary W. Gayle had been owner of certain of the lots described in the bill of complaint prior to the tax sales to the state, and that her heirs and devisees have executed quitclaim deeds to the lands covering said lots.

In the agreed stipulation of facts, the appellant's ownership of the basic title was admitted, as was appellees' ownership of the tax title. It was further agreed that the chain of title submitted was a true record title of the property, except that appellant did not agree that the tax deeds set forth in the claim of title were valid.

The record further shows that the lands involved were sold for payment of taxes in

November 1933, and purchased by the State of Alabama. This proceeding was filed January 18, 1957. It is further disclosed that no prior suit was pending to test the title to subject property.

Our cases applying the provisions of Sec. 1109 et seq. of Title 7, Code 1940, are, to say the least, confusing. We have recently cisions on this subject, and to resolve these, real or apparent, conflicts. The applicable law in respect to pleading, and many factual situations, are set forth in the cases of had occasion to reappraise many of our de-Myers v. Moorer, Ala., 134 So.2d 168,[1] and Chestang v. Tensaw Land & Timber Co., Ala., 134 So.2d 159.[2] But this is not to say that different factual situations may not present other and different questions in the future.

■ Appellant argues that it has a right to redeem the land under Title 51, Sec. 296, Code of 1940, unless the appellees have held the property in question adversely for three years under Title 51, Sec. 295, Code of 1940, which provides, in pertinent part, as follows:

"No action for the recovery of real estate sold for the payment of taxes shall lie unless the same is brought within three years from the date when the purchaser became entitled to demand a deed therefor; * * *".

So, the question presented here is whether or not there was legal evidence before the court sufficient to sustain its decree vesting all of the title to said real estate in the respondents. All the testimony was taken orally before the trial court, and where testimony is taken orally before the trial court, the court's holding has the effect of a jury's verdict and will not be disturbed on appeal unless plainly and palpably wrong. Clanahan v. Morgan, 268 Ala. 71, 105 So.2d 429; Welch v. Lee, 265 Ala. 594, 93 So.2d 427; Whiteside v. Brown, 266 Ala. 27, 93 So.2d 747.

We are not prepared to say that the trial court fell into error by quieting title in the appellees.

■ Adverse possession has been defined in many of our cases as actual occupancy, clear, definite, positive, notorious, continuous, adverse and exclusive, for the required period under claim of right of a definite tract. Walthall v. Yohn, 252 Ala. 262, 40 So.2d 705; Moorer v. Malone, 248 Ala. 76, 26 So.2d 558; Pfaffman v. Case, 259 Ala. 411, 66 So.2d 890; Clanahan v. Morgan, supra.

The evidence, much of which is without conflict, shows that the property in question was a wooded, unoccupied, vacant, wild area, which had at times been used as a place to dump dirt, rocks, etc., by different persons. Also, certain persons testified that they had gone on the property and removed dogwood trees. The appellees, who have listed the property for taxes since its purchase in 1946 until the filing of this suit, leased the property in 1949 for one year. The lessee placed a fence around said property and used it to pasture a horse, and also built a small hogpen on the leased property. After the term of the lease expired, the fence was removed by the lessee, however, the hogpen was not removed. In 1955, as the general area began to develop, the appellees placed a one-strand barbed wire fence around the property, attaching it as near as possible to trees' on the boundary line, and placed "no trespass" signs thereon. The appellees employed an agent living near the property to look after the property, who walked over the property on different occasions and allowed his son to hunt on the property.

In 1957, the appellant went onto the property and constructed a four-strand barbed wire fence around the area and put up "no trespassing" signs just prior to the filing of this suit.

■ Openness, notoriety and exclusiveness are shown by acts, which at the

1. Ante, p. 18.

2. Ante, p. 8.

time, considering the state of the land, comport with ownership; viz., such acts as would ordinarily be exercised by an owner in appropriating the land to his own use and the exclusion of others. Clanahan v. Morgan, supra; Kidd v. Browne, 200 Ala. 299, 76 So. 65; W. T. Smith Lumber Co. v. Cobb, 266 Ala. 146, 94 So.2d 763; Monteith v. Chapman, 260 Ala. 206, 69 So.2d 866. And all acts of possessory nature committed by the adverse claimant are to be considered collectively rather than independently in determining the sufficiency of his possession. Clanahan v. Morgan, supra; W. T. Smith Lumber Co. v. Cobb, supra.

The leasing of the land in 1949 was without a doubt an act of adverse possession for all the world to observe. From this leasing in 1949, we do not consider that the evidence shows an abandonment of possession, but rather if anything, a mere interruption of actual occupation, considering the nature of the land and the use which its possession might permit. Moorer v. Malone, supra; Aldrich Mining Co. v. Pearce, 192 Ala. 195, 68 So. 900; Gary v. Woodham, 103 Ala. 421, 15 So. 840; McMillan v. Aiken, 205 Ala. 35, 88 So. 135. On the contrary, we have the appellees fencing the land in 1955 as the area around this real estate began to be developed.

We entertain the view that respondents have done what any true owner of unoccupied, wooded, uncultivated "wild land" would have done under like circumstances. These acts of appellees in contrast to what has been done by appellant or its predecessors fully substantiate a finding that the appellees have held the land adversely for the required three-year period under Title 51, Sec. 295, Code of 1940.

Nor does it affect the decision in this case in that the tax sale may have been void, because the three-year statute of limitations for recovery of land sold for payment of taxes is not rendered inapplicable to suit to redeem from tax sale because the sale was void, and also applies where land bought from the state as well as tax collector. Singley v. Dempsey, 252 Ala. 677, 42 So.2d 609; Odom v. Averett, 248 Ala. 289, 27 So.2d 479; Quinn v. Hannon, 262 Ala. 630, 80 So.2d 239.

Throughout the brief filed here on behalf of the appellant are statements to the effect that the trial court decided the case in favor of the appellees solely under Sec. 1123 of Title 7, Code of 1940. We cannot agree. In any event, if the decree correctly determined the equities of the case, the reasons upon which the trial court acted are unimportant, and the case will be affirmed. A correct decision will not be disturbed even if the court gave a wrong or insufficient reason therefor. Clanahan v. Morgan, supra; Cherokee County v. Cunningham, 260 Ala. 1, 68 So.2d 507; Pitts v. Hawkins, 264 Ala. 428, 87 So. 2d 835.

Applying the principles of law stated in Myers v. Moorer and Chestang v. Tensaw Land & Timber Co., supra, we hold that a cross bill was unnecessary under the facts in the instant case. Moreover, the respondents who filed it were not injured by its being stricken. We also hold that the possession shown by complainant, appellant, in the instant case is not such peaceable possession as would justify a decree for complainant. Merely going upon lands which are at the time in the actual possession of another, and claiming title thereto, and warning such others off, is not such possession as will maintain or defeat a bill filed under the statute. Jordan v. McClure Lumber Co., 170 Ala. 289, 54 So. 415; Myers v. Moorer, supra. To such an effect is the evidence in this case.

The decree of the trial court is affirmed.

Affirmed.

LAWSON, STAKELY and MERRILL, JJ., concur.