171 So.2d 109

**Otilla SHIVERS**

v.

**Barto SHIVERS.**

**3 Div. 135.**

Supreme Court of Alabama.

Jan. 21, 1965.

Fred D. Gray, Montgomery, for appellant.

Heirston L. Foster, and John T. Batten, Montgomery, for appellee.

SIMPSON, Justice.

Appeal from a decree of the Circuit Court of Montgomery County, In Equity, Domestic Relations Division, finding that appellant (wife) was not entitled to relief on her cross-bill for divorce a mensa et thoro and awarding her monthly payments of ten dollars and granting appellee a divorce a vinculo matrimonii.

The evidence tended to show that the parties were married to each other in 1915 and lived together as man and wife until the year 1936, at which time they separated. Appellant's proof tended to show that the separation occurred due to no fault of hers. Appellee's proof tended to show that the separation occurred due to appellant's fighting him, hitting him with a hammer, fists, and threatening him with a pistol. Appellant and appellee have been separated for some twenty-eight years and have not lived together since the separation. Appellee is sixty-eight years old, is a veteran of World War I, and is now retired from the Louisville and Nashville Railroad and drawing a retirement check. He has to make frequent trips to a physician and his medical bills run from $9.00 to $25.50 every two weeks. Appellant lives in Madras, Georgia, where she has resided for three years before the suit was filed. She has been living in the State of Georgia for the past thirteen years.

Appellant first argues that the lower court erred in refusing relief on the cross bill based upon abandonment for two years without support from the husband, under § 22, Tit. 34, Code of Ala. 1940, as amended, which provides in part as follows:

"* * * In favor of the wife when the wife has lived, or shall have lived separate and apart from the bed and board of the husband for two years and without support from him for two years next preceding the filing of the bill; and she has bona fide resided in this state during said period."

The evidence is uncontradicted that appellant has not lived or resided in Alabama for the period of two years next preceding the filing of the cross bill, but to the contrary that she has resided in the State of Georgia for the past thirteen years. She could not therefore invoke the provisions of § 22, Tit. 34, supra.

The case below was taken under consideration by the lower court on the oral testimony of the witnesses and it has long been the rule in this Court that the lower

court's finding of fact is presumptively correct and will not be disturbed on appeal unless plainly or palpably wrong, or against the great weight of the evidence. Barry v. Thomas, 273 Ala. 527, 142 So.2d 918; King v. King, 269 Ala. 468, 114 So.2d 145; Wilfe v. Waller, 263 Ala. 110, 81 So.2d 614; Puckett v. Puckett, 240 Ala. 607, 200 So. 420. We are not prepared to conclude that the lower court plainly or palpably erred in its award to appellant or that its decree was against the great weight of the evidence, or that any error was committed in granting appellee a divorce a vinculo matrimonii.

It would appear to the impartial mind, from the attendant circumstances adduced by appellee's attorneys, that appellant's motivations in contesting appellee's suit for divorce was probably that she desired to have appellee's veteran's benefits and his railroad retirement benefits after his death. Under these and other facts adduced we fail to see any error committed by the lower court.

Affirmed.

LIVINGSTON, C. J., and MERRILL and HARWOOD, JJ., concur.