234 So.2d 586

**MID–STATE HOMES, INC., a Corp.**

v.

**Johnnie L. SMITH et ux.**

**8 Div. 336.**

Supreme Court of Alabama.

March 26, 1970.

Rehearing Denied May 15, 1970.

R. A. Norred, Birmingham, for appellants.

W. A. Barnett, Florence, for appellees.

SIMPSON, Justice.

This case was initiated when the complainants below (appellees) filed a bill in Circuit Court in which they asked the court to enjoin Mid-State Homes, Inc. and Jim Walter Corporation from foreclosing a mortgage on property belonging to the complainants.

The bill further alleged that the complainants had entered into an agreement with Jim Walter Corporation for the construction of a shell home on their property on March 20, 1961. The bill went on to allege that there was a dispute as to the balance due on the mortgage contract, that Mid-State Homes had returned two payments made on the mortgage, and had instituted foreclosure proceedings. The complainants alleged in their bill that there was a balance due of less than $400.00 on the mortgage, and that the respondents claimed $913.93 as being the balance due on the property. The bill further alleged that the complainants were ready and willing to pay into the court any amount determined by the court to be due on the original contract.

The respondents filed an answer and cross-bill in which it was alleged that the respondent Jim Walter Corporation had substantially performed its agreement to construct the dwelling house and that the complainants had paid only $4,788.00 on the indebtedness secured by the mortgage, which mortgage indebtedness was $5,292.00. It was alleged that the total balance remaining unpaid was $504.00 and in addition to that the respondent was entitled to $309.-93 which amount had been paid by the respondent for insurance premiums.

The complainants contended that Jim Walter had failed to construct the home in accordance with its agreement.

It was the contention of the complainants that Jim Walter had agreed to furnish a home complete except for sheetrock. Their evidence was that the home was not complete except for this item, but rather that they had incurred the expense of material and labor over and above the amount expended for sheetrock.

The trial court heard the evidence and entered the following decree:

"The Court at the instance of the Complainants did on November 15, 1967, restrain and enjoin the respondents from the foreclosure of a purported mortgage executed by complainants to the respondent, Jim Walter Corporation, representing a debt of $5,292.00 (payable in 84 monthly installment payments of $63.00 each) incurred by the complainants Smith for services of and material supplied by the respondent, Walter Corporation, in constructing a home for the complainants, the Smiths.

"The Smiths paid 78 payments, the last two of which were returned by the respondent, Mid-State Homes, (to whom the note and mortgage had been transferred) inasmuch as delinquency on payments due was claimed and the mortgage foreclosure proceedings were contemplated or had been commenced by them.

"The contract to build the house stated that plans and specifications were attached thereto. But there were none and apparently none are available. The building contract dated March 20, 1961 and made exhibit to this cause stated:

" 'The Builder agrees to build a house according to the plans and specifications on the sheet attached hereto, which is by reference made a part hereof, on the property of the Owner, located at Rt. 1 Box 8, Rogersville, Lauderdale Co., Alabama. Overall size of home to be 22 x 20 x 50 Dixieland, as illustrated in literature with 100 sheets of 4 x 8 x ⅜ sheetrock and 1 light fix for each room, 250 ft. 12-2 Wire, 60 amp. box, all to be picked up and installed by owner.'

"However, the 'literature' referred to was not available on the trial and was attached to the contract referred to above.

"At the time suit was started monthly payments totaling $504.00 remained unpaid on the original contract which called for $5,292.00. The home owners, Smiths, supplied evidence that they expended for material and carpenter labor a total of $1260.00 which they contend was necessary to correct defects in construction and to supply material, all of which was necessary to finish the house. Counter claim is made against the builders for this amount. However, the Court finds that a portion thereof was spent for material and labor which was from the outset as to certain particulars admittedly and [sic] obligation of the home owners. But the Court finds that a substantial portion thereof represents expenditures by the home owners to correct readily apparent defects in construction for which the builder under the contract was responsible.

"The Court further finds that because the home owners allowed insurance coverage (for which they were responsible) to lapse, the builders necessarily had to and did procure this coverage on the house for which they have expended the sum of $285.75.

"Upon consideration of all the facts and circumstances, the Court does order, adjudge and decree as follows:

"1. That the complainants Smith are obligated to pay respondent Mid-State Homes the sum of $285.75 (but only this amount) which they shall deposit with the Register of this Court within thirty days from the date of this decree. Upon such deposit being made the complainants are held by the Court to have discharged their obligation in full on the contract and alleged mortgage, which are the subject of this suit."

By supplemental decree, the trial court stated:

"Pursuant to the provisions of the former decree dated August 29, 1968, the complainants have now deposited with the Register of this Court the sum of $285.75, which the Court has by its decree held and adjudged is the only amount owing by them to the respondents under the obligations of the mortgage on their home executed to the respondent, Jim Walter Corporation, on March 20, 1961.

"It is now Ordered, Adjudged and Decreed by the Court as follows:

" * * *

"2. That the Register is authorized and directed to disburse to the respondents or to their Attorney of Record * * * the sum of $285.75, if there is filed with the Register a statement in writing by said Attorney that this sum is accepted in full satisfaction of the indebtedness of the complainants and further that respondents waive their right to appearl [sic] in this cause, but if there is not filed such statement and the respondents do not request payment to them of said sum now on deposit for them, then the Register shall hold such sum pending expiration of the appeal period in this cause.

"3. If said statement above is filed and the monies so paid to the respondents or their Attorneys, then the Register is authorized and directed to make the following entry on the record of the mortgage involved, which is recorded in the Office of the Probate Judge of this County in Volume 730, Page 158, the following satisfaction of the mortgage:

" 'This mortgage and the debt represented thereby is satisfied and discharged in full by virtue of a decree of the Circuit Court, in Equity, titled Smith, et al v. Mid-State Homes, Inc., et al, Case No. 6975.

This ⸺ day of ⸺, 1968.
" ' ⸺ , "

Register

Following the filing of an application for rehearing which was denied, the respondents perfected this appeal.

It is the contention of the appellant on appeal that the allegations of the bill were too narrow to permit the relief granted by the Court in the decree. It is additionally argued that there was insufficient evidence in the case to support the finding of fact made by the trial judge to the effect that the appellant had not completely lived up to its agreement initially made with the appellees.

It is argued by the appellant that the complainants were guilty of laches in their claim that the mortgage involved was invalid and that it was never properly acknowledged. The trial court rejected the contention of the complainants that the mortgage was invalid and made the determination of the amount due thereunder. Therefore, the decree appealed from does not hold· that the mortgage was invalid; hence it is unnecessary for us to determine whether or not a claim to that effect was barred by laches.

As to the next argument advanced by the appellant, we believe that the allegations of the bill, and the prayer for relief thereunder, were sufficiently broad to permit the granting of the relief made by the trial court.

It is next argued that there was no evidence upon which the trial court could have determined the amount which the complainants were forced to expend on the shell home by virtue of the failure of Jim Walter to deliver the same in the condition contracted for. It is true that the evidence was conflicting. No plans or specifications were ever introduced. The complainants testified that the agreement was that the house would be placed on their land with nothing remaining for them to do except install sheetrock. They further testified that they were forced to expend several hundred dollars on labor and materials not related to the installation of sheetrock. The trial court heard this conflicting evidence and reached a decision as to the additional amount due under the mortgage, giving credit to the complainant for the amount so expended. We cannot say that the determination on this factual issue was palpably erroneous. It follows, therefore, that the decree appealed from must be affirmed. Grubb v. Teale, 265 Ala. 257, 90 So.2d 727; Hagan v. Crowley, 265 Ala. 291, 90 So.2d 760; Lovelace v. McMillan, 265 Ala. 290, 90 So.2d 822; Welch v. Lee, 265 Ala. ˙594, 93 So.2d 427; and numerous other cases collated at Alabama Digest, Appeal and Error, ☜1008(1).

Affirmed.

LIVINGSTON, C. J., and COLEMAN, BLOODWORTH and McCALL, JJ., concur.

