Husband appeals from judgment of modification increasing alimony. Affirmed.
The parties were married twenty-two years and had two daughters before being divorced for incompatibility on May 3, 1974. *Page 510 
By agreement incorporated in the judgment of divorce, the husband agreed to pay to the wife as alimony, support and maintenance the sum of $9,600 per year at the rate of $400 bi-monthly. In addition, he agreed to pay all the educational expenses of the children. As each child married, became self-supporting or reached 21 years, the bimonthly payments to the wife were to be reduced $125 or $3,000 per year. It was agreed that the parties would renegotiate the alimony when the children completed their college education or were otherwise emancipated.
On November 14, 1975, the wife petitioned for modification. She alleged that the husband had reduced payments $250 per month because the oldest daughter had reached 21 years of age; that she had been unable to secure employment and that the husband's income had so improved since the divorce that he could pay more as alimony.
After hearing, the original judgment was modified in favor of the wife. Upon motion new trial was granted with additional testimony taken as to the effect of the husband's remarriage and becoming a father again. Judgment after rehearing required the husband to pay to the former wife the sum of $325 bi-monthly ($650 monthly) from May, 1976 until June 1, 1977. At that time payments would be increased to $350 bi-monthly ($700 monthly); when the youngest daughter (18 years) reached twenty-one years the payments would be reduced to $275 bi-monthly ($550 monthly).
Husband appeals, charging abuse of discretion by the trial court.
We have carefully reviewed the evidence, as we do in all cases, and fail to find it so preponderantly opposed to the judgment as to appear palpably unjust.
Though the husband has remarried and fathered a son since the divorce, his income has indisputably doubled in the interval. It is to his credit that he has gone an extra mile in paying for a year's graduate study for the older daughter. He is further to be commended in carrying out his commitments to his former wife and daughters even though required to dispose of investment properties to do so. However, his primary responsibility is to the obligations assumed with his first marriage. One such obligation was to support his wife. The obligation to his eldest daughter has been terminated by her coming of age. The year of graduate study gratuitously furnished is calculated to end in June 1977. Her educational expense will be lifted from him. By his own testimony as to past expense, he will thereby be relieved of some $4,500 cost per year.
As we calculate from the testimony, after June 1977, the husband will be obligated to pay the wife $8,400 per year and will pay some $4,500 per year for the education of his youngest daughter. That is a total of $12,900 per year or about 21% of his 1975 income from his law firm. That percentage will be reduced by approximately one-third in about two years when the younger daughter becomes 21 years of age or completes college.
The husband has based his contention of error primarily upon the charge that insufficient consideration was given by the court to his remarriage. Such charge has no foundation in the evidence. It appears to this court that had the trial court not given much consideration to the new marriage, the doubling of the husband's income would have supported a more substantial modification.
We have noted the citations of precedential cases by the parties and the principles of law enunciated therein. We do not depart here from such precedents, but iterate that every case is decided upon its own facts. The judgment of the trial court is presumed correct on appeal unless so unsupported by the weight of the evidence as to be clearly wrong and unjust.Shivers v. Shivers, 277 Ala. 400, 171 So.2d 109 (1965). The judgment of the trial court when so weighed in this case cannot be found palpably erroneous.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur. *Page 511