Cowden brought a bill to quiet title against Hughes, who also brought a bill to quiet title by counterclaim. After a hearing ore tenus, the Circuit Court of Blount County found that Hughes had purchased the property at a tax sale in 1961, had obtained and recorded a duly executed and acknowledged tax deed from the judge of probate in 1964, and, since then had adversely possessed the property for ten years, a period of time in excess of three years as required under Tit. 51, § 295, Code of Alabama 1940.
Where the trial court makes a decree after hearing witnesses ore tenus, every presumption will be indulged in favor of the trial court and its finding will not be disturbed unless palpably wrong. Lott v. Keith, 286 Ala. 431, 241 So.2d 104
(1970); Shivers v. Shivers, 277 Ala. 400, 171 So.2d 109 (1965). There is ample evidence to support the trial court's finding of three years adverse possession.
Cowden is barred by Tit. 51, § 295, supra, from redeeming the property sold at the tax sale since Hughes was in continuous adverse possession for three years after he became entitled to demand a tax deed from the judge of probate. Turnham v. Potter,289 Ala. 685, 271 So.2d 246 (1972); Family Land InvestmentCo., Inc. v. Williams, 273 Ala. 273, 138 So.2d 696 (1962).
The decree of the trial court is affirmed.
AFFIRMED.
TORBERT, C.J., and BLOODWORTH, ALMON and EMBRY, JJ., concur.