HOLMES, Judge.
This is a case involving a dispute over ownership of a parcel of land.
The plaintiffs-Azars brought suit against the defendants to quiet title, recover possession of the disputed land, and for damages for trespass. After an ore tenus hearing, the trial court, based on defendants’ counterclaim, found that the defendants were the owners of the parcel of land and awarded damages of $10. Plaintiffs have appealed and we affirm.
The dispositive issue on appeal is whether there was sufficient evidence to support the trial court’s finding that defendants had title to the disputed realty by reason of adverse possession.
Viewing the trial court’s decree with the attendant presumption of correctness, we find the following as revealed by the record: The disputed property is, for the most part, a heavily wooded, triangular area of one and seven-eighths acres in the midst of useable farm land. The property has a natural spring and a large gulley which significantly limits the uses to which it is suited. A small portion of the land is suitable for cultivation. There is an old public road traversing the property.
The plaintiffs’ lands generally border the disputed area to the north, the defendants’ to the south. There is an old fence and hedgerow between the parties’ lands. The defendants’ properties on the south apparently include the disputed area due to the fact that this ancient hedgerow and fence physically divides and excludes the plaintiffs’ estate on the north. This is further substantiated by the fact that one of the plaintiffs’ predecessors erected a portion of the above mentioned fence, excluding the disputed property from his other lands. The record reveals that this fence was maintained by one of the defendants’ sons.
Each of the parties traces its chain of title to the area in controversy back to a common titleholder. The plaintiffs’ purported title has its genesis in November, 1903; the defendants’ in September, 1904. After a series of intervening conveyances, there is evidence that the defendants acquired ownership of the property by purchase in 1943; the plaintiffs in 1968. The defendant-owner is a widow, who by virtue of holding the property in joint tenancy with her husband, survived to the fee upon her husband’s death in 1963. The defendants have assessed the disputed property for tax purposes and have paid taxes from the date of its purchase in 1943.
There is testimony in the record that two of the plaintiffs’ predecessors in title had informed their employees and lessees, in years past, not to trespass on the disputed area. These admonishments included instructions not to take firewood or cut timber on the parcel because the defendants were cultivating a cane patch there, and that the parcel belonged to the defendants.
Most significantly, the record reveals that the defendants or his tenants have farmed *343 the only portion of the area suitable for raising crops since they went into possession in 1943. In addition, in the 1950s, the defendants harvested timber from the wooded portion of the land. The defendants’ sons have hunted and taken game from this land for many years.
Testimony taken below indicates that the defendants unsuccessfully contacted the Soil Conservation Service to repair the public road which traverses the disputed area. This request for repairs became necessary because the gulley which exists on the property had eroded in the direction of the public road and had damaged it. Further erosion rendered the road impassible. Since the plaintiffs’ tenants used the road as a means of ingress and egress to adjacent fields, the plaintiffs constructed a new road on the disputed land north of the original road site. When the defendants attempted to block this construction and use of the land, the plaintiffs sought a temporary restraining order and instituted this action.
The law of Alabama provides that in order for one to obtain title to land by reason of adverse possession, he must establish (1) such possession as the land reasonably admits, (2) openness, notoriety and exclusiveness of possession, (3) hostility toward all others with respect to possession, (4) possession under a claim of right or claim of color of title and, (5) continuity of possession for ten years. Cameron v. Union Hill Baptist Church, Ala., 350 So.2d 314 (1977); Long v. Ladd, 273 Ala. 410, 142 So.2d 660 (1962). See also Code of Ala.1975, § 6-5-200. Here, based on the facts indicated above, there is evidence to support the trial court’s finding that the defendants perfected title by adverse possession.
The defendants’ acts of possession must be consistent with the nature of the land in question and must be acts of ownership. Cameron, supra; Family Land & Inv. Co. v. Williams, 273 Ala. 273, 138 So.2d 696 (1961). All acts of possession of the adverse claimant are taken collectively rather than independently to establish sufficiency of possession. Baldwin v. Odom, 291 Ala. 129, 278 So.2d 713 (1973). The disputed land in this case is in part wooded and in part cultivable. As noted above, the defendants cut timber and hunted game on the wooded portions. They farmed or leased for cultivation the remaining portion. In view of these collective facts, we cannot say the court below erred in finding that the defendants’ acts of possession were sufficient to establish adverse possession.
With regard to the element of openness and notoriety of possession, the record indicates that the plaintiffs’ predecessors in title had warned their employees and lessees that the defendants owned the disputed parcel and thus they were not to go there. In addition, the defendants openly cultivated this land and paid taxes on the property for over thirty years. We would agree with the trial court that this is sufficient openness and notoriety to establish exclusiveness of possession. See, e. g., Turnham v. Potter, 289 Ala. 685, 271 So.2d 246 (1972).
The plaintiffs argue that the defendants did not establish hostility toward all others with respect to possession. This contention, as we perceive it, is apparently premised on the fact that since the defendants never objected to the plaintiffs’ use of the road located on the disputed area, the defendants failed to lay claim to the parcel to the hostile exclusion of all others. The evidence indicates that the road is public and, therefore, the defendants had no right to object to anyone’s use of it. The defendants’ failure to act with hostility toward the plaintiffs’ use of a public road does not, in any way, indicate a permissive attitude toward the plaintiffs’ use of the remainder of the parcel which the defendants claimed. See, e. g., Alexander City Union Warehouse & Storage Co. v. Central of Ga. Ry. Co., 182 Ala. 516, 62 So. 745 (1913).
In order for the adverse claimant to establish color of title, it is not necessary that he be the true legal owner; the actual claim of ownership and not the strength of the title is the inquiry. Foster v. Foster, 267 Ala. 90, 100 So.2d 19 (1958). As noted above, the record indicates that the defendants claim under a deed which originated *344 from the common title holder of both the parties. Under the test enunciated in Foster, supra, this is a sufficient color of title to support the defendants’ right to ownership of the parcel.
The record reveals that the defendants have continuously done acts, since taking possession in 1943, sufficient to satisfy the ten year time limitation, as the trial court noted. Given the fact that the plaintiffs purchased their lands in 1968, “title had already vested in [the defendants] by virtue of adverse possession and . . . [the plaintiffs’] activity . . . has not been such to dispossess the already ripened title. . ."
In this instance, a reviewing court cannot substitute its judgment for that of the trier of facts. Scott Paper Co. v. Novay Cherry Barge Service, Inc., 48 Ala.App. 368, 265 So.2d 150 (1972). Every presumption is to be indulged in favor of the trial judge where testimony is taken ore tenus and will not be disturbed unless palpably wrong. English v. Brantley, Ala., 361 So.2d 549 (1978). Where, as here, there is credible evidence to support the holding below, it is the function of this court to affirm.
Able and distinguished counsel for plaintiffs have, in brief, presented cogent reasons in support of plaintiffs’ superior title gained by conveyance. However, in view of the above, the trial court’s holding that title to property is in the defendants by virtue of adverse possession will not be disturbed here.
AFFIRMED.
WRIGHT, P. J., and BRADLEY, J., concur.