This case was commenced by appellants for dissolution of the Abyssinia Missionary Baptist Church (Abyssinia), appellee, and for distribution of its assets as provided under § 10-3-161 to 162, Ala. Code 1975. Appellants are prior trustees, members of the deacon board, and ninety-seven individual members of the appellee church. Appellants claim that Abyssinia should be dissolved and its assets liquidated under § 10-3-165(a)(1)(d), Ala. Code 1975, since the church is unable to carry out its purposes.
This case arises out of a case previously filed and decided by this court in Abyssinia Missionary Baptist Church v. Nixon,340 So.2d 746 (Ala. 1976). In that case, plaintiffs, alleging membership in the Abyssinia Missionary Baptist Church, filed suit against Rev. Nixon, pastor of the church, and Susie Hollinhead, secretary of the church, claiming that they were wrongfully expelled from the church, that defendants misapplied church monies, and that defendants refused to hold a church election at the request of a majority of the members of the church to determine who had the right to control church property.
The trial court, pursuant to defense motions, dismissed the action for lack of jurisdiction and standing. This court reversed, holding that plaintiffs, in order to show standing, were entitled to present evidence as to whether they were properly expelled from membership according to established church procedures.
However, in response to that decision, the trial court ordered an election to be held on June 27, 1977, to determine if Rev. Nixon and Ms. Hollinhead should be retained in office. Plaintiffs unsuccessfully sought a writ of mandamus to this court to prohibit the election; however, plaintiffs were allowed to participate in the election. As a result of the election, Rev. Nixon was removed from office, and Ms. Hollinhead was retained. The parties then agreed to a dismissal of the case. Apparently, a division within the church membership then surfaced with a minority supporting Rev. Nixon who remained a member of the church and continued to attend services. Differences in opinion arose between the two factions culminating in something of a "free-for-all" at the Sunday, August 14, 1977, service. This melee was vividly described in appellant's brief:
 On August 7, 1977, after the regular church announcements were made, announcements were made by Mrs. Christine Turner for the Church within the Church. This was before the Benediction when some members tried to stop her from making the announcements, her husband, Percy Turner, said that she was going to read announcements and nobody was going to stop her. The same thing happened on the next Sunday. This was the Sunday a near riot broke out and Zula Dobynes' wig was pulled off by Fred Juett. She then hit Fred Juett in the head with a hammer, which caused him to have stitches taken in his head. There were almost 250 people at the Church on August 14 when the near riot broke out, according to Albert Lee. According to Donald Nixon, in the ruckus on August 14, 1977, somebody was hit on the head *Page 1391 
with a flower pot, somebody dropped their glasses, somebody slung a pocketbook, somebody fell to the floor, he saw a chair fly, he saw someone squared off in the corner. He further stated that he broke up several of the ruckuses himself. He also saw someone fall behind one of the church benches. Susie Hollinhead testified that the incident of August 14 was like a riot on television, some 200 people involved and people were being hit with microphones, chairs, shoes and it was a general free-for-all. No services were held the following two Sundays.
As a result of this occurrence, appellants concluded that the church was an unsafe place in which to worship and filed the instant suit to resolve claims to the church property and to dissolve the organization. Appellants claim that they were forced from the church due to the threat of physical violence and unchristian atmosphere. After leaving the church, they formed the New Elam Baptist Church, and Rev. Nixon was installed as pastor.
The sole issue presented for review is whether Abyssinia should be dissolved and its assets liquidated since it has ceased to carry on the purpose for which it was organized, namely to provide a place for Christian worship.
The trial court, hearing the evidence ore tenus, determined that appellants abandoned their membership in Abyssinia and left the church voluntarily and without compulsion. The trial court further found that Abyssinia, as well as New Elam Baptist Church, is "proceeding with its affairs in a harmonious manner." Where the evidence is heard by the trial court ore tenus, it is well established that the trial court's finding has the effect of a jury verdict and will not be disturbed on appeal unless plainly and palpably wrong. See, e.g., Norton v.Norton, 280 Ala. 307, 193 So.2d 750 (1967); Shivers v. Shivers,277 Ala. 400, 171 So.2d 109 (1965). We find from an examination of the record that there was sufficient evidence to support the trial court's findings.
Although there were prior expressions of "dissatisfaction" among the membership of Abyssinia, events leading to the disruption of the Sunday service on August 14 occurred only during a two-week period. Services were discontinued thereafter for two successive Sundays and then resumed normally. Rev. Nixon testified that neither he nor his congregation have any contact with appellee Church. Furthermore, there is ample evidence that both churches are now conducting orderly and peaceful services as intended. Therefore, we find from the record that, although there was a disruption of the services of Abyssinia, the disruption was only temporary and the church is now proceeding with its affairs in a harmonious manner. Accordingly, because the church is able to continue its purpose, dissolution is unwarranted.
AFFIRMED.
All the Justices concur.
 *Page 1