Plaintiffs filed this action seeking to have a constructive trust imposed on an acre of land held in the name of Alliance Community Center, a corporation. Their request was denied by the trial court on October 12, 1978. They filed a motion for a new trial on October 31, 1978, alleging that the judgment of the court was contrary to the law and contrary to the facts. The motion for new trial was likewise denied. The plaintiffs appealed.
The property in question was leased to the citizens of the Alliance Community in 1959 by the Jefferson County Board of Education. At that time, a concrete block building costing $1,400 was constructed on the property with funds donated by members of the community. It was used as a community center. During the late 60's, the Center fell into disuse. In 1972, the Board of Education approved the sale of the lot to the Alliance Community. The sale was consummated for $1,000 and title was conveyed to the Alliance Community Center, a Corporation, organized for the purpose of taking title to the property. Among the objects of the corporation as set out in the Articles of Incorporation are the following:
 "(1) To engage in the business of providing amusements and recreations for the public.
 "(2) To engage in the business of conducting a playground and/or playgrounds.
 "(3) To engage in the business of conducting and operating a restaurant or restaurants, a refreshment stand or refreshment stands, or a sandwich shop or sandwich shops, or to engage in all of such businesses."
Appellants S.W. Vance and Dot Vance leased part of the premises from 1972-1977 and operated a commercial cafe in the Center. In 1977, the corporation brought an unlawful detainer action against the lessees; and the board of directors of the corporation voted to use the space for community activities and to discontinue the use of a part thereof for a commercial cafe. The property has since been used for community activities, including a program for the elderly called "Positive Maturity," religious services and voting. The plaintiffs thereupon filed this action.
The final judgment of the trial court includes the following finding of facts:
 "After considering all the evidence the court finds that the Alliance Community Center, a corporation, is a valid and legally constituted corporation operating within the framework of its Articles of Incorporation as filed in the Probate Office of the Bessemer Division of Jefferson County, Alabama in Real Volume 168 Page 37 and its Amendment to Incorporation of *Page 314 
Alliance Community Center as recorded in the Probate Office of the Bessemer Division of Jefferson County, Alabama, in Real Volume 223 Page 182. The court further finds that the objects of the corporation are being performed in the interest of the Alliance Community." (Emphasis Added)
The record contains evidence to support the finding of the trial court that the property is being used for the benefit of the citizens of the Alliance Community. It did not err, therefore, in denying the relief sought by the plaintiffs.
As we have so often held, where the trial court makes a finding after hearing conflicting evidence from witnesses ore tenus, every presumption is indulged in favor of its finding and it will not be disturbed unless palpably wrong. Shivers v.Shivers 277 Ala. 400, 171 So.2d 109 (1965). While, in this case, the factual issues were sharply disputed at trial, a careful perusal of the transcript reveals ample evidence upon which the trial court could base its findings. Therefore, the judgment below must be affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, JONES and BEATTY, JJ., concur.