HOLMES, Judge.
This is a divorce case.
The Circuit Court of Walker County divorced the parties, made a division of property, and awarded the wife periodic alimony. The wife appeals and we affirm.
The dispositive issue is whether the evidence supports the trial court’s action in divorcing the parties and the amount of the award of alimony. We find the evidence amply supports the trial court.
We do not deem it necessary to set out in detail the evidence as revealed by the record. Pertinently, we find the following:
The parties were married in 1951. Three children were born of the union; they are now adults. The parties separated in 1966 when the wife moved to Miami Beach, Florida. The husband continued to support the wife and children and on occasion visited with the wife and children in Florida. In 1978, the husband filed for divorce.
After an ore tenus hearing, the trial court divorced the parties on the ground of incompatibility of temperament, made a division of property and awarded the wife $550 per month periodic alimony.
As we perceive the wife’s contention, it is that there was not sufficient evidence to support the trial court’s finding of incompatibility of temperament. The evidence does not support this contention.
The husband testified that the parties had marital difficulty even prior to the 1966 separation; that they “quarreled incessantly about in-law problems.” He further testified that they had had no sexual relations since 1966. The husband specifically stated the parties could not live together.
Interestingly, the wife testified that the husband’s personal hygiene was intolerable and that she was ashamed to go places with him. Furthermore, there is evidence that it was the wife’s decision to leave their home in Jasper and move to Florida.
The court has defined incompatibility as follows:
[Ijncompatibility refers to conflicts in personalities and dispositions so deep as to be irreconcilable and to render it impossible for the parties to continue a normal marital relationship with each other.

Incompatibility of temperament necessarily involves both parties. While one *999 spouse may have a more normal temperament than the other and the overt acts evidencing incompatibility may come largely from the other spouse, it is inconceivable that a husband’s temperament can be compatible with that of his wife if hers is incompatible with his. (Emphasis supplied.)
Phillips v. Phillips, 49 Ala.App. 514, 520, 274 So.2d 71, 77 (1973).
The above evidence and other evidence revealed by the record clearly support the trial court’s determination that the parties are incompatible. Consequently, the ore tenus rule precludes reversal on this ground. Smith v. McNaughton, Ala., 378 So.2d 703 (1979); Shivers v. Shivers, 277 Ala. 400, 171 So.2d 109 (1965).
The wife in brief appears to argue that the husband is estopped to seek a divorce because of evidence that the parties’ lengthy separation was mutually agreed upon.
In view of the evidence as indicated above and the authorities cited above, we find no merit in the wife’s contention.
The wife contends that the award of $550 per month periodic alimony is insufficient. Put another way, the wife argues the trial court abused its discretion in the award of alimony.
The testimony reveals that the husband has in the past earned approximately $20,-000 to $25,000 a year. However, before the divorce the husband was on a retainer; at the time of the divorce he was being paid on a fee basis. The husband’s employer testified at trial that he would now make substantially less than $20,000 a year.
The general rule is that an award of alimony is within the sound discretion of the trial court. Kitchin v. Kitchin, Ala.Civ. App., 370 So.2d 1031 (1979). Furthermore, the court may consider the husband’s ability to pay as a factor in awarding alimony. Clark v. Clark, Ala.Civ.App., 356 So.2d 1208 (1978).
In view of the above, we cannot say that the trial court abused its discretion in the award of periodic alimony. Shivers, supra.
The case is due to be affirmed.
AFFIRMED.
WRIGHT, P. J., and BRADLEY, J., concur.