The majority affirms the decision of the Court of Civil Appeals, which reversed the decision by the trial court, which had held that the note involved evidences a debt owed by Replex Corporation to Kuhns Engineering Service as opposed to a personal debt of S.H. Coussement. In reaching their decision, the majority examined the evidence presented before the trial court and concluded that Coussement did not disestablish his liability as required when the signature of an individual on a note does not show that the individual signed in a representative capacity. See, Wurzburg Brothers Inc. v.Coleman, 404 So.2d 334 (Ala. 1981).
I disagree with the majority because I believe that great deference should be given to the decision of the trial court, which heard the evidence presented ore tenus and decided that Coussement did sign in a representative capacity. "When the trial court hears evidence ore tenus, its conclusion will not be disturbed on appeal unless palpably erroneous." Pritchett v.Nathan Rodgers Construction and Realty Corp., 379 So.2d 545
(Ala. 1980). See also, Hill v. Abyssinia Missionary BaptistChurch, 370 So.2d 1389 (1979); Hall v. Polk, 363 So.2d 300
(Ala. 1978). The record adequately supports the trial court's decision, which is consistent with decisions of this Court. This Court in Wurzburg held that:
 "[U]nder Code 1975, § 7-3-403, the face of the instrument must put a person on notice as to who is liable on the instrument. If the face of the note names the person represented but does not show the signer's representative capacity, or vice versa, parol evidence is admissible between the immediate parties to the instrument under § 7-3-403 (2)(b).
. . . .
 ". . . In order to meet the burden of proof under § 7-3-403 (2)(b), the evidence must be more than the mere self serving allegation of the signer's subjective intent to sign in a representative capacity."
Admittedly, Joseph H. Kuhns, who negotiated with Coussement, is deceased. However, there is sufficient evidence to support the decision by the trial court. While Coussement did testify in his own behalf, which by itself would be insufficient to *Page 787 
disestablish liability under Wurzburg, his testimony can be considered with the other evidence presented to see if cumulatively the evidence disestablishes the personal liability of Coussement.
In this case, the primary evidence supporting the nonpersonal liability of Coussement is the testimony of Otis B. Kirby, the former comptroller of Replex Corporation; the payment of at least three installments of the amount owed under the note to Kuhns Engineering Service; and the letter accompanying the signed note mailed from Replex Corporation to Kuhns Engineering Service.
First, Kirby is not a party to this suit. He did, however, prepare the promissory note, oversee the process of making the payments from Replex to Kuhns, and actually prepare the checks from the corporate account of Replex to be sent to Kuhns. Kirby's testimony is that the debt was the corporation's and Coussement signed as a representative of Replex.
Secondly, four cancelled checks were offered by the defendant, Coussement, to show partial payment of the obligation. All of these checks were drawn on the corporate account of Replex Corporation, which supports the conclusion that the payments were for a corporate debt.
Finally, the letter which accompanied the signed note mailed to Kuhns reads as follows:
 "REPLEX Corporation
"Mr. Joe Kuhns Kuhns Engineering Services P.O. Box 1217 Tuscaloosa, AL 35401
"Dear Joe:
 "Thank you very much for your patience and understanding in permitting us to defer payment of our account.
 "Enclosed is a signed note to cover the balance due as per your discussion with Mr. Coussement.
 "Your thoughtfulness in helping us to overcome the tragedy of the fire is greatly appreciated.
 "Sincerely, "REPLEX CORP.
 "O.B. Kirby "Comptroller
 "OBK:st "enc. "POST OFFICE BOX 86, MILLPORT, AL 35576. 205 662-4204"
This letter also supports the conclusion that the debt was the corporation's. The trial court viewed this evidence and was satisfied that Coussement had met his burden to disestablish his personal liability under the note. I agree and would reverse the decision of the Court of Civil Appeals.
MADDOX, SHORES and BEATTY, JJ., concur.